## Peter Voorhees v. Henry C. Sessions.

*Register in chancery: Money paid into court: Official custody: Garnishment.*
A register in chancery with whom in his official character money has been deposited under an order of the court by a receiver, cannot be made liable on account thereof as garnishee of the parties to whom the money so deposited lawfully belongs, though the proceedings under which the money was paid in have long since been dismissed and determined; the money would still remain in the custody and subject to the control of the court, and its possession by the register would still be in his official capacity.

*Heard April 14. Decided April 20.*

Error to Ionia Circuit.

Voorhees instituted garnishee proceedings in the court below against Sessions to reach moneys in his hands claimed to belong to the principal defendants, Sutherland, Perrine and Frazell. It appeared from the disclosure that the money sought to be reached had been deposited with Sessions as register in chancery in pursuance of an order of the court by the receiver in a suit instituted to wind up a copartnership before existing between the principal defendants. The bill of complaint in this chancery suit was dismissed for want of prosecution, August 26, 1872, and no further steps or proceedings have since been taken therein. The court below rendered judgment in favor of the garnishee defendant, and the plaintiff brings error.

*Mitchel & Pratt,* for plaintiff in error.

No counsel appeared for defendant in error.

MARSTON, J:

Although it appears that the bill of complaint in the cause wherein Sutherland, Perrine and Frazell were parties has long since been dismissed, nevertheless there are very serious difficulties in the way of permitting Sessions to be held responsible in this form of action. The money was paid into a court of chancery under an order thereof pending litigation therein. Sessions was register in that court. He received, held and retained the money in his official character as such officer, without any control over, or power of disposing of it, except for safe keeping, unless by order of the court.

A termination of the chancery proceedings under which the money was paid in, did not necessarily withdraw it from the control of the court. It still remained in its custody and subject to its disposal, and Sessions continued to hold it in his official capacity and character, and in none other. He and his sureties were and remained liable upon his official bond for the proper payment of this money according to

any order the court might make regarding it. Under such circumstances he cannot be held responsible as garnishee. To permit this would be to sanction conflicting orders and judgments of different courts regarding the disposition of the same fund. And we would frequently have judgments of courts of inferior jurisdiction disposing of funds in the custody and control of the circuit courts. Indeed, there are many, and to us conclusive reasons why money thus paid into court should remain there subject only to the order of that court, where all the parties interested can be present by their respective counsel and . be heard, as they would be upon motion to dispose of it.

Upon this question our statute seems to be clear and decisive, that no person shall be adjudged a garnishee "by reason of any money in his hands as a public officer, for which he is accountable merely as such officer to .the principal defendant."—*Comp. L.*, § *6503, sub. 2.*

The judgment must be affirmed, with costs.

The other Justices concurred.