THE PEOPLE EX REL. DANIEL TREMPER v. GEORGE B. BROOKS.

*Receivers cannot be garnished without leave.*

The receiver's custody is that of the court which appointed him.

A receiver cannot be sued or garnished without leave of the court which appointed him.

Appeal from Saginaw.   Submitted January 15.   Decided January 31.

APPEAL from an order adjudging respondent guilty of contempt in not paying to the relator certain moneys which he held as receiver under the appointment of the court below, and which the court had ordered him to pay to the relator, but which he continued to hold as garnishee in proceedings taken in a justice's court.

*J. Z. Richards* for relator.    No one holding property by order of a court can be garnished, nor is the property subject to attachment, *Brooks v. Cook*, 8 Mass., 246; *Thayer v. Dudley*, 3 Mass., 296; *Dubois v. Dubois*, 6 Cow., 494; *Barnes v. Treat*, 7 Mass., 271; *Lightner v. Steigle*, 33 Ill., 515; Drake on Attachment, §§ 494, 496; *Shewell v. Keen*, 2 Whart., 332; *Cook v. Rogers*, 31 Mich., 391; *Voorhees v. Sessions*, 34 Mich., 100.

*William G. Gage* and *William Gillett* for respondent. An order adjudging a receiver guilty of contempt in not paying over money, is appealable. *People v. Jones*, 33 Mich., 303. A sheriff holding a surplus after execution sale may be garnished, *Pierce v. Carleton*, 12 Ill., 358; an officer having the custody of funds may be garnished whenever his liability changes from an official to a personal character, *Weaver v. Davis*, 47 Ill., 235; an administrator who had been ordered to pay money to a creditor of the estate was subject to garnishment in an action against the creditor, *Richards v. Griggs*, 16 Mo., 416; in California, funds in the hands of a receiver appointed in proceedings for the dissolution of a partnership, are subject to attachment at any time before a final decree of dissolution, *Adams v. Woods*, 9 Cal., 24; money held by the trustee of a non-resident may be attached by the creditors of the *cestui que trust* after he has been ordered to pay it over, *Williams v. Jones*, 38 Md., 555; a justice to whom money has been paid on a judgment can pay it over to a plaintiff in garnishment after the time for appeal has passed, *Griffin v. Potter*, 27 Mich., 166. After an order of court to pay over money, the officer holding it becomes the agent of the party to whom it was to be paid, and is liable to garnishment by the latter's creditors, *Adams v. Barrett*, 2 N. H., 374; *Wilder v. Bailey*, 3 Mass., 289; *Parks v. Cushman*, 9 Vt., 324.

CAMPBELL, C. J. Brooks having been ordered as receiver to pay over certain moneys to relator within forty days, refused on application within that time to pay it, claiming the full time. After its expiration, he refused to do so on the ground that on the same day he had been served with garnishee process issued by a justice of the peace, returnable eleven days thereafter. On an order to show cause why he should not be attached, he showed that under this garnishment he had made a disclosure of the facts before the justice, before whom no further action was had, and respondent still held the

money. On this showing, he was ordered to pay over the money to relator or stand committed. From this order he appeals.

The custody of a receiver is the custody of the court, and the law is well settled that no one can lawfully sue him without leave of the court which appointed him. It would lead to great confusion if such an officer were to be subject or were to be at liberty to take the funds in his official custody into any other tribunal, which could have no power to discharge him, to settle his accounts, or to punish him for collusion. If justice requires leave to sue, the court it may be presumed will grant it. But the cases are substantially uniform in holding that he cannot be garnished or otherwise reached without leave. High on Injunctions, §§ 137, 151; *Field v. Jones*, 11 Ga., 413; *Columbian Book Co. v. De Golyer*, 115 Mass., 67; Kerr on Injunctions, 193 and notes; *Angel v. Smith*, 9 Vesey, 335; *Noe v. Gibson*, 7 Paige Ch., 515.

Such seems to us to be the only practice which will save clashing among courts, and give to every court in equity that full control over its own officers which is necessary until they are finally discharged.

In *Voorhees v. Sessions*, 34 Mich., 99, the same argument was urged that was presented here, that the money having been deposited by the receiver with the register in a litigation which had come to an end, the custody was not official. But it was held the officer, until it was actually paid over, held it officially, and that it would be against the statute prohibiting garnishees against public officers to allow it to be meddled with. The equitable doctrine against interfering with receivers is quite as broad as the statute, and rests on the same policy.

We think the order was correct, and it must be affirmed with costs.

The other Justices concurred.