HENRY SIEVERS AND CHARLES ERDMAN v. THE WOODBURN SARVEN WHEEL COMPANY.

*Garnishment of judgment.*

A judgment recovered in justice's court is not, under Michigan statutes, subject to garnishment proceedings before another justice.

Garnishment proceedings are purely statutory and cannot be extended to cases not provided for by law.

Funds under the official control of receivers and registers in chancery cannot be reached by garnishment process.

One justice cannot garnish a judgment rendered by another. The judgment may always be paid to the justice who renders it, and he must issue execution on application by the prevailing party, unless he has some excuse for refusing it. No other justice has any statutory right to stay his acts or direct his conduct.

Certiorari to Justice of the peace. Submitted April 9. Decided April 14.

*Maybury & Conely* for plaintiff in certiorari. Some courts hold that a judgment indebtedness cannot be reached by garnishment proceedings. *Sharp v. Clark* 2 Mass. 91; *Prescott v. Parker* 4 Mass. 170; *Franklin v. Ward* 3 Mas. 136; *Shinn v. Zimmerman* 3 Zab. 150; *Trowbridge v. Means* 5 Ark. 135; *Tunstall v. Means* id. 700; *Norton v. Winter* 1 Oregon 47. Others hold that it can. *Trombly v. Clark* 13 Vt. 118; *Gager v. Watson*

11 Conn. 168; *Crabb v. Jones* 2 Miles 130; *Sweeny v. Allen* 1 Penn. St. 380; *Fithian v. N. Y. & Erie R. R. Co.* 31 id. 114; *Belcher v. Grubb* 4 Harr. 461; *Webster v. McDaniel* 2 Del. Ch. 297; *Skipper v. Foster* 29 Ala. 330; *Gray v. Henby* 1 Sm. & M. 598; *O'Brien v. Liddell* 10 id. 371; *Halbert v. Stinson* 6 Blackf. 398; *Minard v. Lawler* 26 Ill. 301; *Keith v. Harris* 9 Kan. 386. A judgment indebtedness was properly garnished in *Griffin v. Potter* 27 Mich. 168; but where the proceeding is directed to a court of co-ordinate jurisdiction it involves a conflict of jurisdiction that could not be borne, Drake on Attachments (5th ed.) § 625; *Young v. Young* 2 Hill (S. C.) 426; *Burrill v. Letson* 2 Speers 378; *Thomas v. Wooldridge* 2 Woods 667; *Perkins v. Guy* 2 Mont. 16; *American Bank v. Snow* 9 R. I. 11; *Clodfelter v. Cox* 1 Sneed 330; *Wallace v. McConnell* 13 Pet. 136; *American Bank v. Rollins* 99 Mass. 313; but see *Jones v. N. Y. & Erie R. R.* 1 Grant's Cas. 457; *Luton v. Hoehn* 72 Ill. 81.

*Joslyn & Freeman* and *James H. Pound* for defendant in error. Judgment debtors may be garnished in the same State in courts of the same jurisdiction, *McCarty v. Emlen* 2 Yeates 190; *Hill v. Beach* 12 N. J. Eq. 45; *Ealer v. McAllister* 14 La. Ann. 821; *Stanborough v. Mc-Call* 8 La. Ann. 9; *Price v. Emerson* 7 La. Ann. 237; *Woodworth v. Lemmerman* 9 La. Ann. 524; *State v. Huxley* 4 Harr. Del. 343; *Patterson v. Pratt* 19 Iowa 358, 362; *Arthur v. Hale* 6 Kan. 161.

CAMPBELL, J. This is a certiorari to review proceedings in garnishment had before John Weber, a justice of the peace, whereby defendants in certiorari were allowed to recover against plaintiffs as garnishees, the amount of a judgment against them and in favor of one Michael M. Gisler, rendered by Isaac N. Toll, another justice of the peace. Defendants in certiorari had recovered a judgment against Gisler before Daniel Brown, a justice now out of office, whose docket is in the hands of Weber.

The objection chiefly relied on is that a judgment before one justice cannot be garnished in proceedings before another justice.

It might be sufficient in the present case to say that the garnishee judgment is void for want of jurisdiction over Erdman, who was never legally brought in. But the other question is so presented that we cannot properly disregard it, as it is made the only distinct ground of complaint in the affidavit.

Proceedings in garnishment are purely statutory, and cannot be extended to cases unprovided for, without mischief. The statutes, at best, are imperfect, and any attempt to extend their operation is almost certain to create difficulties in regard to conflicting rights which it is impossible to reconcile.

In the case of *Griffin v. Potter* 27 Mich. 166, we declined to compel a justice of the peace who had collected a judgment in favor of relator to pay over the amount to him, when he had already in good faith applied it in payment of a judgment against relator rendered before himself. He had allowed garnishee process on this adverse judgment, under which the money due relator on the judgment in his favor had been paid by the garnished debtor to the justice. In that case the justice had been authorized by law to receive the money due on any judgment which he rendered. Comp. L. § 5417. He had in his hands money belonging to one judgment creditor, which he applied on a judgment against the same creditor, which he had authority to collect. It was not claimed or shown by relator that any rights or equities existed which stood in the way of such an application. The case presented no complications whatever, and we are not called on to construe or consider the garnishee law in all its bearings, because the remedy by mandamus would not have been allowed to compel a justice to refund money which had been applied by him in payment of a judgment which he had a right to collect, even if we had found there might have been some tech-

nical irregularity in the mode of application. The case, therefore, is not important on any question presented to us by this record.

We have no doubt that the garnishee law does not apply to enable a judgment before one justice to be garnished in proceedings before another. If any such power had been intended to be given, we must assume that the statute would have pointed out in what way it could be carried out without confusion. It would be impossible to have one justice of the peace interfering with the proceedings of another justice in carrying out his own judgments. If the power exists it cannot be confined to one city or one county, but a justice in Detroit could reach or be reached by a justice in the remotest part of the State. As already suggested, a judgment may always be paid to the justice rendering it. He must issue execution on application of the prevailing party, unless he has some legal excuse. The statute contains no provision for enabling one justice to stay the acts of another, or to direct his conduct. The same principle which would allow such a judgment to be garnished, would allow the justice who collected it to be garnished before a brother justice. The consequences would be absurd and dangerous, and would destroy the proper control of magistrates over their own proceedings. If the Legislature should deem it proper to provide for any such anomalous procedure, it could not be carried out in practice without devising some special regulations and safeguards, which nothing but legislative action can provide. We have decided in *Voorhees v. Sessions* 34 Mich. 99, and *Tremper v. Brooks* 40 Mich. 333, that receivers and registers in chancery cannot be interfered with by garnishee process, so as to subject moneys under their official control to the ordinary operation of that action. We think there is a similar impropriety in such attempts as the present, and that the statutes do not permit it.

We express no opinion whether proceedings can be had before the same justice. There is not the same

reason for preventing it, but whether it can be done in ordinary cases, or under what restrictions, if any, it must be done, we have no occasion now to consider.

The judgment must be reversed with costs of both courts.

The other Justices concurred.