ZERAH B. CUSTER v. SHUBAEL F. WHITE ET AL.

*Garnishment in one justice's court pending suit in another. ·*

A defendant in a suit before a justice for a debt cannot, pending suit, be garnished before another justice by a creditor of the plaintiff.

Error to Kent. Submitted Oct. 4. Decided Oct. 18..

GARNISHMENT. Defendants bring error. Affirmed.

*White & McMahon* for appellant. There is no reason why money should not be attached in the hands of a debtor, as well after, as before, the person to whom it is due has sued for it; *Allen v. Watt* 79 Ill. 284; *M'Carty v. Emlen* 2 Dallas 277; *Foster v. Jones* 15 Mass. 185; garnishment of a party sued is generally a complete defense: *Perkins v. Parker* 1 Mass. 117; *Foster v. Jones* 15 Mass. 185; *Webster v. Lowell* 2 Allen 123; *Embree v. Hanna* 5 Johns. 100; *Allen v. Dundas* 3 Term 125; *M'Carty v. Emlen* 2 Dall. (Pa.) 277; *Allen v. Watt* 79 Ill. 284; *M'Daniel v. Hughes* 3 East 367; *Mathews v. Houghton* 11 Me. 377; *Norris v. Hall* 18 Me. 332; *Covert v. Nelson* 8 Blackf. 265; *Coburn v. Currens* 1 Bush 242; *Lowry v. Lumbermen's Bank* 2 W. & S. 210; *Brown v. Somerville* 8 Md. 444; *Hull v. Blake*

13 Mass. 153; *Meriam v. Rundlett* 13 Pick. 511; *Dole v. Boutwell* 1 Allen 286; *Troyer v. Schweizer* 15 Minn 241; garnishment of a debt in suit is not allowed where it brings national and State courts in conflict: *Wallace v. M'Connell* 13 Pet. 136; *Huff v. Mills* 7 Yerg. 42; but a judgment in the same court may be garnished: *Griffin v. Potter* 27 Mich. 166; if, when a garnishee is served with garnishment process, the pleadings are such that he can plead the garnishment in bar, he can only be held as garnishee: Drake on Attachment § 620; *Thorndike v. De Wolf* 6 Pick. 120; and if he has paid in good faith he must be discharged even though the proceedings, if reviewed, might have been reversed: Drake on Attachment § 713; *Parmer v. Ballard* 3 Stewart 326; *Gildersleeve v. Caraway* 19 Ala. 246; *Morrison v. New Bedford Inst.* 7 Gray 269; *Burton v. District Township* 11 Iowa 166.

*John C. Quincy* for appellee. When suit in one court is begun before attachment proceedings in another court the latter proceedings cannot arrest the suit, nor oust the court that issued the first precept, of its jurisdiction: *Wallace v. M'Connell* 13 Pet. 136; *Greenwood v. Rector* Hempstead 708; *Bingham v. Smith* 5 Alabama 651; *Wood v. Lake* 13 Wis. 84; Drake on Attachment (4th ed.) 619 and 620; a demand in suit is *quasi in custodia legis* and cannot be garnished; *Gridley v. Harraden* 14 Mass. 497; *McFadden v. O'Donnell* 18 Cal. 160; *Pierson v. McCahill* 21 Cal. 122; *McKeon v. McDermott* 22 Cal. 167; Drake on Attachment (4th ed.) § 702 n. 4; one justice cannot be allowed to interfere with the proceedings of another in carrying out his judgments: *Sievers v. Woodburn etc. Wheel Co.* 43 Mich. 275; *Foster v. Noyes* 48 Mich. 273.

Graves, C. J. The substantial question supposed to be raised by this record is this: Where one is carrying on a suit against another before a justice of the peace for the collection of a debt claimed by the plaintiff, is it competent for a third person claiming to be creditor of such plaintiff to

garnish the defendant before another justice? The court below held that it is not and we agree with him.

We are satisfied that no jurisdiction exists for such a proceeding. We held in *Sievers v. Woodburn Sarven Wheel Co.* 43 Mich. 275 that a judgment before a justice could not be garnished in proceedings before another justice, and the reason applies with increased force when the subject-matter sought to be reached and controlled by the process from one justice is not an adjudged indebtedness, but is a thing in actual litigation among other parties before another justice.

The consequence of such proceedings would be that a stranger to the pending contention before one justice might, through the process of another justice, completely change the *status* of the litigants and also the ownership of the thing in controversy. The defendant, instead of continuing to be the plaintiff's debtor, would be converted into a debtor of the person so intruding, and the debt would cease to be a debt to the plaintiff, and become a debt to the garnishee.

It would be futile to attempt to point out all the difficulties and incongruities. The right secured by the law of set-off and the doctrine of recoupment would frequently give rise to entanglements, and the embarrassments to justice would be insurmountable. No methods exist for carrying out such a jurisdiction.

The result is right and the judgment is affirmed with costs.

The other Justices concurred.