FRANK COHNEN v. CHAUNCEY M. SWEENIE, RECEIVER, GARNISHEE DEFENDANT, AND JUDSON H. BLACK, PRINCIPAL DEFENDANT.

*Garnishment—Receivers.*

1. A receiver is not a public officer, under How. Stat. § 8096, which provides that no person shall be adjudged a garnishee " by reason of any money in his hands as a public officer, for which he is accountable, merely as such officer, to the principal defendant."

2. Leave was granted a judgment creditor to garnish a receiver appointed at the instance of a second chattel mortgagee. The receiver answered that, at the time of the service of the writ of garnishment, he was in possession of the mortgaged property; that since such service he had, from the sale of certain of the property and the collection of certain debts due the principal defendant, satisfied both mortgages, as also the expenses of the receivership, and that a surplus remained in his hands. And it is held that How. Stat. § 8065, which provides that "if it shall appear that the garnishee had in his possession any personal property of the principal defendant, and that the same is subject to any pledge, lien, or mortgage, and at the time of the disclosure has not been sold by the garnishee, the same shall be delivered by the garnishee to the commissioner or receiver, if the commissioner or judge so order, to be by him disposed of under the direction of the court, if a greater amount than the incumbrance can be obtained therefor, and, after paying the amount of such incumbrance, the balance is to be applied to the liquidation of the plaintiff's claim," contemplates that surplus in the hands of a lienor may be reached by process of garnishment; that if, in the discretion of the court, justice requires leave to garnish a receiver holding at the instance of the mortgagee, there is no substantial reason why it may not be granted; and a judgment in favor of the plaintiff is affirmed.

Error to Wayne. (Hosmer, J.) Argued May 9, 1895. Decided June 4, 1895.

Garnishment proceedings. Garnishee defendant brings error. Affirmed. The facts are stated in the opinion.

*Dickinson, Thurber & Stevenson,* for appellant.

*Edward A. Barnes,* for the creditors of the principal defendant.

*Bowen, Douglas & Whiting,* for plaintiff.

McGRATH, C. J.   The garnishee defendant was, at the instance of a second chattel mortgagee, appointed by the court as receiver, and under the order of the court took possession of the mortgaged stock, with directions to convert the same into money, and protect the interests of the mortgagees.   Plaintiff, having recovered a judgment against the principal defendant, filed a petition in the court appointing the receiver, setting forth, among other things, that the property in the hands of the receiver was largely in excess of the debts secured by the mortgages referred to, and asked leave to garnish the receiver, which was granted.   The receiver disclosed—

"That at the time of the service of the writ of garnishment herein upon him he was in the possession of certain property and assets of J. H. Black & Co., that came into his hands as receiver in the proceedings instituted by Judge Bros. to foreclose a chattel mortgage upon such assets; that since the service of such writ upon him he has converted certain of the property received by him as such receiver into money by sale thereof under the order of the circuit court for the county of Wayne, in chancery, in the proceedings in which he was appointed receiver, and has made collection of other sums of money due said J. H. Black & Co. on accounts and bills receivable, received in the same manner; that in pursuance of the orders of said court in chancery he has paid and discharged all the claims secured by the two mortgages executed by said J. H. Black upon the property and assets as aforesaid, which were executed prior to the service of said writ of garnishment upon him, as well as certain expenses incurred in conection with the said receivership, paid by the authority of said court in chancery; that after the payment of such claims and expenses there was

a balance remaining in his hands, which at this date amounts to $5,163.37."

An issue was framed, a trial had, and plaintiff had judgment.

It is insisted by counsel for defendant:

"1. The garnishment statute does not apply to property in the hands of a receiver, and a court of.chancery cannot give a greater scope to the statute than has the Legislature.

"2. The receiver, being a public officer, is by express provision excluded from the scope of garnishment statutes.

"3. Aside from their character as equitable, and not legal, rights, the rights and interests of Black in this property at the time of garnishment were not specific or liquidated, and therefore not garnishable.

"4. Since the property in the hands of the receiver is under the control of the court for the purpose of securing an equitable distribution and preventing unseemly scrambles, and the only effect of garnishment here would be the securing of an undeserved preference by one creditor over others, equity will not permit that such a garnishment of its receiver should be allowed, or that the court of chancery should surrender its control, and become a litigant in a court of law for the fund."

A receiver is not a public officer, under How. Stat. § 8096. In *Voorhees v. Sessions*, 34 Mich. 99, the fund was in the hands of the clerk of the court, as register in chancery. *Tremper v. Brooks*, 40 Mich. 333, was a case where a receiver had been garnished, and the Court say that the cases are substantially uniform in holding that a receiver cannot be garnished without leave of the court. The case of *Voorhees v. Sessions* is referred to, but the Court do not intimate that the receiver is a public officer under the statute, but say that the equitable doctrine against interfering with receivers is quite as broad as the statute, and rests on the same policy. The equitable rule is that a receiver cannot be sued without leave of court first obtained. In the present case, there had been no assignment of the property for the benefit of creditors. The

receiver was appointed at the instance of a mortgagee. No proceedings had been taken on behalf of creditors to secure a distribution of the surplus. The court granted leave upon a showing that the property in possession of the receiver was largely in excess of the claims secured by the mortgages. The appointment of the receiver had divested unsecured creditors of the right to proceed against such surplus. The statute (How. Stat. § 8065) expressly provides that—

"If it shall appear that the garnishee had in his possession any personal property of the principal defendant, and that the same is subject to any pledge, lien, or mortgage, and at the time of the disclosure has not been sold by the garnishee, the same shall be delivered by the garnishee to the commissioner or receiver, if the commissioner or judge so order, to be by him disposed of under the direction of the court, if a greater amount than the incumbrance can be obtained therefor, and, after paying the amount of such incumbrance, the balance is to be applied to the liquidation of the plaintiff's claim."

The statute elsewhere (How. Stat. § 8059) provides that such garnishee shall be liable on any contingent right or claim against him in favor of the principal defendant. Prior to the appointment of the receiver, the surplus in the hands of the mortgagee was, under the statute, subject to garnishment proceedings, although the amount was unliquidated, and the liability of the holder thereof, in a sense, contingent; and it cannot be said that, because the property has, at the instance of the mortgagee, reached the hands of a receiver, it is not still subject, with the consent of the court, to garnishment proceedings. The custody of the receiver is, it is true, the custody of the court, but the court may allow replevin to be brought by a third party to test the title to any of the property held by the receiver, and it may with equal propriety permit proceedings in garnishment to be instituted to reach any surplus remaining after the satisfaction of the lien. The statute contemplates that surplus in the hands of a lienor may be reached by process in gar-

nishment, and if, in the discretion of the court, justice requires leave to garnish a receiver holding at the instance of the mortgagee, there is no substantial reason why it may not be granted.

The judgment is affirmed.

LONG, MONTGOMERY, and HOOKER, JJ., concurred. GRANT, J., did not sit.