CITIZENS' COMMERCIAL & SAVINGS BANK v. BAY CIR-
CUIT JUDGE.

RECEIVERS—ACTIONS AGAINST—DISCRETION OF COURT.

The circuit judge has power to set aside his order grant-
ing leave to sue or garnish a receiver if he believes such order
to have been improvidently issued, and his action will not be
disturbed in the appellate court unless an abuse of discretion
is made to appear.[1]

*Mandamus* by the Citizens' Commercial & Savings
Bank to compel Andrew C. Maxwell, circuit judge of
Bay county, to proceed with the hearing of a suit in gar-
nishment against the receiver of an insolvent corporation.
Submitted October 6, 1896.   Denied October 20, 1896.

*T. A. E. & J. C. Weadock*, for relator.

*Simonson, Gillett & Courtright*, for respondent.

PER CURIAM.   The relator commenced an action of
*assumpsit* against A. Mosher & Son, and recovered a
judgment.   A corporation known as the E. J. Vance
Box Company was indebted to Mosher & Son.   One
Wilson H. Tousey had been appointed receiver of said
corporation by the circuit court for the county of Bay, in
chancery.   The relator, soon after commencing suit
against Mosher & Son, petitioned the chancery court for
leave to bring a suit in garnishment against the receiver,
which was granted.   The receiver filed a disclosure
denying that he had any property in his hands belonging
to said Mosher & Son, but disclosed that said corporation
was indebted to said Mosher & Son in the sum of $5,172.-
89, that other parties claimed an interest in said indebt-

[1] The cases respecting the garnishment of money due from a re-
ceiver are reviewed in a note to *Irwin* v. *McKechnie*, (Minn.) 26 L.
R. A. 218.

edness, and asked that the parties interested in the controversy growing out of said credit should intervene. An order to that effect was made; issue was duly joined; and upon the trial the respondent, after the relator had rested its case, made an order setting aside the one granting leave to bring the suit, upon the ground that it had been improvidently issued. The respondent returns that it appeared from the testimony that when the writ was served, and as well at the hearing, it was impossible to determine whether the receiver would be able to pay all the creditors in full, or what per cent. he would be able to pay. The relator now asks for the writ of *mandamus* to compel the respondent to set aside the last-named order, and to proceed with the hearing of the cause.

It is settled that a receiver cannot be sued or garnished without leave of the court. *Tremper* v. *Brooks*, 40 Mich. 333. See, also, Beach, Rec. § 228 (Alderson's Ed. § 242); High, Rec. § 151. It is also settled that a receiver is not a public officer, and that he may be garnished, with permission of the chancery court, for any balance remaining in his hands after the execution of the trust. *Cohnen* v. *Sweenie*, 105 Mich. 643. The granting of leave to bring such a suit rests in the sound discretion of the court. Appellate courts will not interfere except in cases of the abuse of that discretion. If these courts have the discretion to grant leave, they have also the power and discretion to set aside the order when, in their judgment, it has been improperly made. Receivers are not to be harassed with garnishee proceedings and other suits unless, upon the proper showing, justice and equity require it. There is no evidence of an abuse of discretion, and the writ will be denied.