HUDSON v. SAGINAW CIRCUIT JUDGE.

1. EXECUTORS AND ADMINISTRATORS—LIABILITY TO GARNISHMENT.
    Where a defendant dies pending the trial, and the suit is re-
    vived against his executor, a judgment for the plaintiff therein
    does not, although the executor admits having the funds on
    hand with which to pay the same, render the executor
    directly and absolutely accountable to the plaintiff for the
    amount, so as to enable a creditor of the latter to maintain
    garnishment proceedings against the executor before distri-
    bution of the estate is ordered by the probate court. GRANT,
    J., and LONG, C. J., dissenting.

2. SAME—EFFECT OF ORDER OF DISTRIBUTION.
    Whether garnishment would lie under such circumstances
    after an order of distribution,—quære.

*Mandamus* by Joseph L. Hudson, receiver of the Third
National Bank of Detroit, to compel Eugene Wilber,
circuit judge of Saginaw county, to vacate an order quash-
ing a writ of garnishment issued against Charles B. Gray
and Edward Y. Swift, executors of the last will and testa-
ment of Aaron C. Fisher, deceased, as garnishee defend-
ants of John E. Nolan. Submitted January 12, 1897.
Denied September 14, 1897.

*De Forest Paine*, for relator.

*William G. Gage*, for respondent.

HOOKER, J. Nolan brought an action against Aaron
C. Fisher in his lifetime, which culminated in a judgment
against his executors, the same being affirmed by this
court in 111 Mich. 56. Thereupon the relator garnished
the executors, but the circuit court dismissed the proceed-
ings, after disclosure, upon the ground that garnishment
would not lie against executors.

It is a general rule that property in custody of the law
is not subject to attachment or garnishment. The law

does not permit one court to assume control over the representative of another court, or the property confided to his charge.  By this it is not meant that personal remedies against the individual may not be sought, but that any proceeding in the nature of an action *in rem*, whereby it is sought to reach the property which another court has taken possession of, is forbidden.  Thus replevin from an officer holding under order of the court of chancery is punishable as a contempt.  Even suits against a receiver in his representative capacity are forbidden, though the court appointing the receiver may, on cause shown, permit them.  The probate court has not even this power respecting its officers, who can only be sued in the manner pointed out by statute, and a garnishee proceeding is not included among statutory proceedings against executors and administrators in Michigan, though it is in some States.  That administrators and executors are exempt from this process is the general rule.  In Rood, Garnishm. § 27, it is said:

" ' When property or money is *in custodia legis*, the officer holding it is the mere hand of the court.  His possession is the possession of the court.  To interfere with his possession is to invade the jurisdiction of the court itself.  And an officer so situated is bound by the orders and judgments of the court, whose mere agent he is, and he can make no disposition of it without the consent of his own court, express or implied.'  *In re Cunningham*, 9 Cent. L. J. 208.  These principles have been applied in numerous cases to various classes of legal custodians, and in accordance with them it has been held that clerks of courts, trial justices, registers in chancery, masters in chancery, receivers, trustees appointed by a court of chancery, assignees in bankruptcy, trustees for creditors under a general assignment pursuant to insolvent laws, other trustees appointed to dispose of property and apply the avails according to the orders of the court, sheriffs, constables, and other ministerial officers, and their bailees and assistants, justices of the peace, executors, administrators, and guardians, cannot be charged as garnishees by reason of any property or money which they hold or any debts which they owe merely as such officers."

In his next section the author says that—

"In a few of the States, while these principles are recognized as sound, they have been considered inapplicable to certain of the cases above mentioned, either generally or in view of the peculiar provisions of the statute governing the conduct of the particular officer. Among these may be mentioned sheriffs and constables, clerks in chancery courts, justices of the peace, administrators, and executors."

Among the cases cited by the author is *Hardesty* v. *Campbell*, 29 Md. 533, where the decision rests upon the Code. In the Alabama cases the question is not raised, and, though the jurisdiction over an administrator seems conceded, it rests upon a statute, which is not quoted. Against the few States, the author cites to the contrary cases involving administrators, from Massachusetts, Maine, Arkansas, West Virginia, Rhode Island, Delaware, Vermont, Indiana, and Missouri, to say nothing of a cloud of analogous cases relating to other officers.

Mr. Shinn, in his treatise on Attachment and Garnishment (section 510) says:

"In the absence of special statute, it was an undisputed rule of law that an executor or administrator could not, in his official capacity, be held liable as a garnishee at suit of a creditor of the decedent, or of one who was a legatee or distributee or other creditor of the estate. He is not then considered to be a 'debtor.' Neither is he an agent, factor, attorney, or trustee of such creditor, because he derives his authority from the law, and is obliged to execute it according to law. And it was said that to subject executors and administrators to the process of garnishment might destroy the whole operation and intention of our law of administrators."

He admits, however, that in many States this rule has been changed *by statute*, and a long list of cases is given. It goes without saying that decisions based upon a statutory right of garnishment are not to be considered as authority for changing the general rule, unless by analogy a similar construction should be indulged. The author says of the administrator's liability, where he may be garnished, that—

"In States permitting an executor or administrator to be made a garnishee, he may be held as such whenever the person to whom he is to pay the legacy or distributive share may maintain an action at law against such executor or administrator. After a court has decreed a distribution of the proceeds in the hands of the administrator, such administrator may be held as garnishee. Some statutes permit an executor or administrator to be made a garnishee during the pendency of the settlement of the estate, but no judgment can be rendered against him until a settlement is made, unless he assent to the legacy or admits assets to pay the amount claimed out of the distributive share. Until the distributive shares are ascertained, they cannot be secured by garnishment. In other words, when it is uncertain whether the administrator will have a surplus in his hands or not, he cannot be held as garnishee." 2 Shinn, Attachm. § 511, and cases cited.

In 8 Am. & Eng. Enc. Law, 1139, a paragraph denying the liability concludes as follows, after citing *Brooks* v. *Cook*, 8 Mass. 246:

"The court held that, as the administrator derived his authority from the law, * * * he was not liable to process of this kind, and such has been the almost uniform current of authority, including cases as to executors as well."

The language of Mr. Rood, who is quoted in support of the doctrine that "the great preponderance of modern authorities * * * holds that, when the purposes of the court have been fully accomplished in respect to the particular funds, *by a final* decree or order for payment of the same to the defendant by such officer, or his becoming *directly* and *absolutely* accountable to the defendant therefor without such order, such property or credit may be reached by garnishing such officer" (Rood, Garnishm. § 32), if approved, should not be applied to this case, for the probate court is not shown to have made a *decree* or *order* for *payment*, nor have the executors become *directly* and *absolutely* accountable to the principal defendant. Such liability becomes fixed when distribution is ordered under sections 5925 to 5931 of 2 Howell's Annotated Statutes. It does not rest in the authority of other

tribunals to determine the status of a fund in the custody of the probate court.

It is said that in *Cohnen* v. *Sweenie*, 105 Mich. 643, this court held that a receiver might be garnished with permission of the court that appointed him. The exercise of discretion by a court of chancery having jurisdiction of the fund is a very different thing from the power of other courts to determine what shall be done with it. That case does not rule this. I am unable to see the propriety of holding that the liability or nonliability of an executor becomes a question of fact, dependent upon the quantity of assets and ability of the executor to pay, to be tried by jury or otherwise in as many courts as there are garnishing creditors, to the embarrassment of the settlement of estates, and the overthrow of one of the best-settled rules of general application known to the law.

The writ is denied, with costs.

Montgomery and Moore, JJ., concurrred with Hooker, J.

Grant, J. (*dissenting*). The relator brought suit against John E. Nolan and garnished Charles B. Gray and Edward Y. Swift, executors of the last will and testament of Aaron C. Fisher, deceased. Nolan brought suit against Fisher, and upon his death that suit was revived against the executors. Nolan recovered a judgment, which was affirmed by this court. 111 Mich. 56. The executors filed a disclosure, in which they admitted the judgment against them, and that the money was in their hands ready to be paid to such persons as were legally entitled to receive it. The court quashed the proceedings on the ground that a suit of garnishment would not lie against an executor or administrator.

The court granted the order, evidently relying upon *White* v. *Ledyard*, 48 Mich. 264. That case differs in its facts from this, in that the garnishee defendant died without making disclosure, and the cause was revived against his administrator, while in this the original suit is directly

against the executors.   The reason for that decision is
found in this statement: "When the cause was revived
against the administrator, he, as such, had neither the
requisite knowledge nor authority to make a disclosure
binding upon the estate."   Clearly this statement does not
apply to the present case, where the liability of the gar-
nishee executors to Nolan is fixed by the judgment of the
court.   That case came within the rule adopted by many
courts,—that administrators and executors should not be
harassed and delayed in the settlement of their estates by
proceedings of this character.   It does not hold that un-
der no circumstances can the administrator be garnished,
and the case there cited of *Blake* v. *Hubbard*, 45 Mich.
1, does not support the proposition.   We have held that a
receiver may be garnished with the permission of the
court.   *Cohnen* v. *Sweenie*, 105 Mich. 643.   Under the
disclosure in this case there is no embarrassment of the
executors or delay in settling the estate.   The right of
Mr. Nolan is fixed by the judgment, and the executors
have the money with which to pay it.   Courts are not
uniform in their holdings upon this question.   There are
those which hold that when the rights of all parties have
become fixed, and all that remains is the payment of the
money, which is in the hands of the administrators or ex-
ecutors, the fund is subject to garnishment.   Rood, in
his admirable work on Garnishment, says that—

"The great preponderance of modern authorities, pro-
ceeding upon the principle that when the reason for the
rule ceases the rule should not apply, holds that, when the
purposes of the court have been fully accomplished in
respect to the particular funds, by a final decree or order
for payment of the same to the defendant by such officer,
or his becoming directly and absolutely accountable to
the defendant therefor without such order, such property
or credit may be reached by garnishing such officer."
Rood, Garnishm. §§ 32, 33, and authorities there cited.

It must be understood that we are not holding that
executors and administrators are generally liable to this

process, but only in those cases where their liability to the principal defendant has been fixed, and nothing remains but to pay over the money. Whether an order has been made by the probate court directing the executors to pay the debts.as provided in 2 How. Stat. § 5925 *et seq.*, does not appear. No such order is necessary to authorize them to pay. No such claim is made. The estate is settled, except the payment of the debts and the distribution of the estate in accordance with the will. Nothing but payment remains to be done. The executors cannot be embarrassed, as they admit they are ready to pay. If executors can ever be garnished, I see no reason why they cannot in this case.

We think the court was in error in quashing the proceedings, and therefore the writ should issue, but without costs.

LONG, C. J., concurred with GRANT, J.