## VAN BIANCHI *v.* WAYNE CIRCUIT JUDGE.

GARNISHMENT—LIABILITY OF RECEIVERS.

* 1. Receivers under chapter 300, 3 Comp. Laws 1897, are subject to garnishment.
2. Whether the receiver can be garnished for the dividend of one of three joint claimants will depend upon the proofs.

*Mandamus* by Annabele Van Bianchi to compel Byron S. Waite, circuit judge of Wayne county, to vacate an order quashing certain garnishment proceedings. Submitted April 24, 1900. Writ granted June 5, 1900.

The corporation known as the Frontier Iron Works was dissolved under chapter 300, 3 Comp. Laws 1897, and a receiver appointed. Three parties, named Christie, Noble, and Weber, filed a joint claim against the corporation. The claim was submitted by direction of the court to referees, who made a report in favor of the claimants for $6,045.25. The relator had a claim against Christie, and, by leave of the court, garnished the receiver. Subsequently the court (another judge sitting) quashed the garnishee proceedings on the ground that the receiver was not liable to garnishment.

*Gray & Gray*, for relator.

*C. A. Howell*, for respondent.

GRANT, J. (*after stating the facts*). 1. Receivers may be garnished, by leave of the court. *Cohnen* v. *Sweenie*, 105 Mich. 643 (63 N. W. 641); *Hudson* v. *Saginaw Circuit Judge*, 114 Mich. 116 (72 N. W. 162, 68 Am. St. Rep. 465). We see no reason why the receiver appointed under the statute above cited is not subject to garnishment, as well as any other receiver.

---

* Head-notes by GRANT, J.

2. The answer of the garnishee states that there is a personal claim allowed in favor of the principal defendant of $186.38, that he has in his hands sufficient to pay a dividend of 28 per cent., and that $52.18 is due.   Whether the dividend due upon the other claim can be garnished, under *Markham* v. *Gehan,* 42 Mich. 74 (3 N. W. 262), will depend on the proofs.

The writ must issue.

The other Justices concurred.