W. H. HEATON, Appellee, v. W. E. LEE ET AL., Defendants, and CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Garnishee; Appellant.

Garnishment: WAIVER OF DEFENSES. A garnishee who elects to base resistance to the garnishment solely on the ground of nonliability, and asks that the garnishment proceedings be stayed until his liability to the judgment debtor can be determined on appeal, obtains the delay and proceeds to prosecute the appeal, waives the defenses subsequently pleaded by way of amendment, that a judgment debtor can not be garnished under an execution, and that an execution issuing out of one court can not be served by garnishment of a judgment debtor under a judgment of another court.

*Appeal from Dallas District Court.*—HON. J. H. APPLEGATE, Judge.

TUESDAY, FEBRUARY 16, 1909.

REHEARING DENIED SATURDAY, JUNE 5, 1909.

THE garnishee, Chicago, Milwaukee & St. Paul Rail-

way Company, was a judgment debtor to one W. E. Lee by judgment entered against it in the district court of Dallas County. Lee was a judgment debtor to the plaintiff, Heaton, by judgment entered against him in a justice court in Dallas County. Execution was issued out of the justice court under the judgment of Heaton against Lee, and the Chicago, Milwaukee & St. Paul Railway Company was garnished thereunder as a supposed debtor of Lee. There was a trial in the justice court which resulted adversely to the garnishee. Upon appeal, the district court affirmed the judgment of the justice court. The garnishee appeals.—*Affirmed*.

*White & Clarke* and *Cook, Crocker, Loomis & Tourtellot,* for appellant.

*Giddings & Winegar,* for appellee.

EVANS, C. J.—Shortly prior to January 19, 1907, W. E. Lee obtained judgment against the Chicago, Milwaukee & St. Paul Railway Company in the district court of Dallas County for $1,000 for alleged personal injuries. At that time the plaintiff, Heaton, was the holder of a judgment against Lee which had been rendered in a justice court of said Dallas County. An execution was issued thereunder by the justice, and on January 19, 1907, it was served by garnishment of the railway company as an alleged debtor of the execution defendant, Lee. On January 26, 1907, the railway company, garnishee, appeared and filed a written answer, averring, in substance, that a judgment for $1,000 had been rendered against it, but that it was about to appeal from said judgment and it denied liability to the defendant. Its written answer closed with the following prayer: "Wherefore this garnishee asks that these proceedings be stayed until the determination of its appeal in said suit now

pending in the district court of Dallas County, Iowa, and until the final determination thereof." It appears also from appellant's abstract that "pursuant to the prayer in the answer of said garnishee the proceedings on said garnishment were stayed and order made to that effect." It also appears that an order was entered requiring the garnishee to make further answer on the final determination of its appeal. No further proceedings of any kind were had until December 17, 1907. In the meantime the garnishee had perfected its appeal from said judgment, and pending such appeal it had compromised the case with Lee for $900, and paid to him such sum. On December 17, 1907, it appeared in such garnishment proceedings and filed an amendment to its answer, averring that it had perfected its appeal from said judgment on February 4, 1907, and that by virtue of such appeal the claim of Lee had become an unliquidated claim, and that it was in no manner subject to garnishment proceedings. At the same time it filed a motion to discharge the garnishee on the following principal grounds: (1) Because at the time of the garnishment it was not indebted to Lee within the meaning of the statute; (2) because a judgment debtor is not subject to garnishment under an execution; (3) because it was not liable to the defendant in any such manner that it could be rendered liable in this case by garnishment proceedings, because the court had no jurisdiction of the claim of the defendant Lee against the garnishee. The principal argument that is pressed upon our attention is that a judgment debtor under a judgment entered in one court is not subject to garnishment by process issuing out of another court.

It is readily apparent from this record that the pleadings filed by the garnishee on December 17th presented a radical change of front from those filed on January 26th. In justice to counsel it ought to be said that in the oral argument of this case such apparent

change of front was explained to this effect: Upon the settlement had with Lee the full amount agreed upon was inadvertently paid to his attorneys by an employee of the company who had no knowledge of the pendency of the garnishment proceedings. In view of such situation, counsel for garnishee felt bound to avail themselves to the utmost of the legal rights of their client. This explanation relieves counsel of any imputation of having intended to mislead the justice court or plaintiff's counsel in the pleading filed by them on January 26, 1907. Without this explanation, however, it is entirely apparent from the written pleading filed by the garnishee on January 26, 1907, that it had no intent at that time to resist its liability as garnishee, if it should finally be held liable to Lee under the judgment then existing against it. Upon no other theory could it consistently ask for a delay of proceedings until the final determination of the case. Such a prayer was no necessary part of the answer of the garnishee. It had a right to throw the gauntlet then and there and deny its liability on every ground available to it and demand its discharge as garnishee; but it chose to rest its resistance solely on its claim of nonliability to Lee and to ask that the proceedings should be stayed until that question could properly be determined. Upon that pleading, it obtained a delay which it would not otherwise have been entitled to, and proceeded to prosecute its appeal. Under these circumstances, we think it waived the grounds of resistance which it is now urging.

We would not hold that a garnishee may not amend its answer upon a proper showing, nor do we need to discuss the question of estoppel as applying to this case. We think it a clear case of waiver resting in the very intent of the garnishee, and that such intent was made manifest to the opposing counsel by the pleading filed and was relied on by him. If the garnishee's position be

correct that a judgment debtor can not be garnished under execution, and that the only remedy of the execution plaintiff is to levy upon the judgment itself, then the plaintiff would be greatly prejudiced by the garnishee's change of position after the judgment had been satisfied. The garnishee cites authorities which hold that an execution issuing out of one court may not be served by garnishment of a judgment debtor under a judgment in another court. The usual reason given for this rule, where it obtains, is the conflict of jurisdiction and the danger of double liability to the judgment debtor. This ground of resistance was just as apparent, and more available, to the garnishee on January 26, 1907, when it asked for a stay of procedure, as it was on December 17th. The very basis upon which rests the rule contended for was carefully avoided by the justice of the peace, and the delay was granted for that very purpose. Whether the grounds of resistance now urged are valid or not in a proper case, we need not determine. Fair procedure will not permit the garnishee in this case to avail itself of them. We may say, however, that many of the authorities cited by the garnishee could not be followed in this state, because contradictory to our statute.

We think the judgment of the district court was right, and it is *affirmed.*