C. W. Elson, Appellant, v. Chicago, Rock Island & Pacific Railway Company, Garnishee of J. H. Davenport, Defendant.

**Garnishment:** FOREIGN JUDGMENTS: JURISDICTION. A defendant against whom a judgment has been rendered in a foreign state is not subject to garnishment for the indebtedness in a proceeding in this state; as the courts of this state have no jurisdiction to protect the judgment defendant as. garnishee against the enforcement of the judgment in the foreign state and a second payment of the debt.

*Appeal from Wayne District Court.*—Hon. Thos. L. Maxwell, Judge.

Wednesday, February 14, 1912.

The opinion states the facts.—*Affirmed.*

*Tedford & Carter,* for appellant.

*Carroll Wright, J. L. Parrish,* and *Miles & Steele,* for appellee.

Sherwin, J.—The plaintiff is a resident of Wayne county, Iowa, and the defendant, J. H. Davenport, is a resident of Missouri. The Chicago, Rock Island & Pacific Railway Company is a corporation operating a line of railroad through Wayne county, Iowa, and through the

state of Missouri. In May, 1910, J. H. Davenport, the defendant in this action, obtained a judgment against the Chicago, Rock Island & Pacific Railway Company in the circuit court of Daviess county, Mo., on account of personal injuries to Davenport's minor son, and the railway company appealed. In September, 1910, this suit was commenced in Wayne county, Iowa. The railway company was garnished as the debtor of J. H. Davenport, and the plaintiff obtained a judgment against Davenport. The railway company answered the garnishment, pleading the judgment against it in Missouri and denying any indebtedness. The plaintiff replied to the answer of the garnishee, alleging that the Missouri judgment was the property of Davenport and valid, and that it was subject to the lien of plaintiff's attachment. The garnishee demurred to this reply on the grounds, among others, that the district court of Wayne county had no jurisdiction over the Missouri judgment. That said judgment was not the subject of garnishment in this state in this action, and that the garnishee can not, therefore, be held liable to this plaintiff. This demurrer was sustained, and thereafter the garnishee's motion for discharge on practically the same grounds was sustained. From the rulings on the demurrer and motion, the plaintiff appeals.

The concrete question thus presented for our determination is whether the railway company is liable in this action as the garnishee of J. H. Davenport, notwithstanding the fact that Davenport had obtained a judgment against it in Missouri before it was garnished herein, and that said judgment still exists. We are of the opinion that this question must be answered adversely to the plaintiff's contention.

It is true we have held that debts are subject to garnishment regardless of the residence of the debtor. *Mooney v. Railway Co.,* 60 Iowa, 346.

And that a judgment debtor may be garnished for a

debt owing the principal defendant. Code, section 3936; *Ochiltree v. Railroad Co.,* 49 Iowa, 150; *Osborne v. Cloud,* 23 Iowa, 104.

It is also true that in some jurisdictions it is held that a judgment debtor may be garnished upon a judgment recovered against him by the principal defendant in a court of the same state other than the one in which the garnishment proceedings are pending, and the plaintiff relies on *Heaton v. Lee,* 143 Iowa, 21, as so holding in this state. In that case it was expressly said that we did not determine the question now before us for the reason that we held the garnishee estopped by its conduct in the court of garnishment, and that was determinative of the case. In that case judgment had been rendered for the principal defendant against the garnishee in the district court, while the garnishment proceedings were in a justice court of the same county. Conceding, however, for the purposes of this case, and for such purpose alone, that the garnishee would have been liable under the facts presented in the *Heaton* case, regardless of its conduct, it does not follow that the garnishee in this case is liable. There the judgment of the justice was subject to review in the very court that rendered the judgment against the garnishee in favor of the principal defendant, and, it having jurisdiction over both judgments and over the entire matter, the garnishee could be fully protected from double payment, if it was without fault, while in this case the courts of this state have no jurisdiction over the judgment rendered against the garnishee in Missouri, and can furnish the garnishee no protection against its enforcement. The Missouri court had jurisdiction of the parties and of the subject matter, and rendered a judgment against the garnishee long before it was garnished in this suit, and it would be reasonable for it to insist upon the enforcement of its judgment. The garnishment statute of this state was not designed to subject the garnishee to the liability of twice paying his

debt, or to deprive him, after paying it under the attachment, of a legal defense to the claim of his creditor. The only design of the statute is to place the attaching creditors in the place of the original creditors of the garnishee, and we have consistently held that the garnishee must be protected against the second payment of his debt, unless he be guilty of some act which will deprive him of such protection. While the cases are not numerous on this particular question, the almost universal holding, so far as it is recorded, is against the claim that a judgment debtor in one state shall be held liable as a garnishee in a suit in another state. The question was considered and discussed in *Shinn v. Zimmerman,* 23 N. J. Law, 150 (55 Am. Dec. 260), and we adopt the reasoning and language of that opinion because of its soundness and force. The court said:

But if the debt be attached after judgment, what protection has the garnishee against the judgment or the claim of the attaching creditor? His property is liable to immediate seizure and sale under the execution upon the judgment, while, at the same time, he is made liable for the amount of the judgment to the attaching creditor. If it be said that the court will exercise its controlling power to prevent such injustice, the answer is that, even when the judgment is in one of the courts of this state, the levy and sale may be made at a time when the court can not exercise its controlling power. And when the judgment is recovered in another state, we have no ground for assuming that the court will stay the execution of its process on account of an attachment issued here. I know of no rule of law, no consideration of policy or courtesy, which would or ought to induce any court of Pennsylvania to suspend its process and to withhold from one of its own citizens the recovery of a debt adjudged to be due, because after the recovery of the judgment the debt has been attached under the process of this state. When the attachment is levied before the commencement of the suit against the garnishee, then a different principle applies, and the legal process of another state will be respected. Upon a question of conflict of jurisdiction, it is clear that the

court which first acquires jurisdiction of the subject matter of controversy is entitled to exercise it, and to enforce the execution of its own judgment. If the court in Pennsylvania permit the attachment to supersede the execution, it would, in effect, permit the process of the courts of this state to interfere with the execution of its own judgment. It is obvious, moreover, that if execution may thus be arrested, it would, in respect to judgments in the state, as well as elsewhere, present a ready mode of embarrassing the administration of justice and delaying the process of courts. If the garnishee in this case be held liable to the attaching creditor, and be compelled to pay the debt here, I see no legal protection that he has against an execution upon the judgment in Pennsylvania. To this burden the garnishee should not be exposed.

And on the question of conflict of jurisdiction we said, in *Willard v. Sturm*, 96 Iowa, 555: "The court of this state first obtained jurisdiction, and must retain it to the end. If there has been any error, it seems to us it occurred in the Kansas court."

In 14 Am. & Eng. Enc. of Law, it is said: "Though there are decisions to the contrary, the better doctrine in the jurisdictions in which judgments are held liable to garnishment is that the garnishment proceeding must be brought in the jurisdiction in which the judgment sought to be reached was rendered, and by weight of authority it is also held that the garnishment proceeding must be brought in the same court in which such judgment was rendered."

In 20 Cyc. 1009, it is said: "In a majority of jurisdictions, a debt evidenced by a final judgment may be reached by garnishment or trustee process by a judgment creditor of plaintiff in the first action. In some jurisdictions, by construction of statute, it is held that a debtor can not be chargeable in garnishment or trustee proceedings for a debt due on a judgment rendered before the service of the process upon him, and on which he is liable to an execution. The better rule seems to be that a judgment

debtor can not be summoned in another jurisdiction as the garnishee of his judgment creditor. Yet in several jurisdictions the rule has been held to be otherwise." See, as supporting the rule, the following cases: *Bank v. Snow,* 9 R. I. 11 (98 Am. Dec. 364); *Wood v. Lake,* 13 Wis. 84; *Renier v. Hurlbut,* 81 Wis. 32 (50 N. W. 783, 14 L. R. A. 562, 29 Am. St. Rep. 850); *Shrewsbury v. Tufts,* 41 W. Va. 212 (23 S. E. 692); *Hamill v. Peck,* 11 Colo. App. 1 (52 Pac. 216); *Wabash R. R. Co. v. Tourville,* 179 U. S. 322 (21 Sup. Ct. 113, 45 L. Ed. 210). And textbooks: Rood on Garnishment, section 145; Drake on Attachments, sections 622-625; Waples on Attachment, 596. Also, *Skipper v. Foster,* 29 Ala. 330 (65 Am. Dec. 405); *Sievers v. Woodburn,* 43 Mich. 275 (5 N. W. 311); *Keith v. Harris,* 9 Kan. 386; *Scott v. Rohman,* 43 Neb. 618 (62 N. W. 46, 47 Am. St. Rep. 767).

It is true that many of the cases cited above announce the broader rule that a debt reduced to judgment may not be attached; but the reasons given for such rule apply with still greater force to the case at bar, for here the debt of the garnishee is in the form of a valid judgment in another state. Appellant cites Pennsylvania cases which support his contention; but no others. We think the judgment right, and it is *affirmed.*