# Richmond

## Lewis J. Barr v. Lester E. Thacher.

March 14, 1935.

Present, All the Justices.

The opinion states the case.

*Theodore S. Garnett,* for the plaintiff in error.

*Hughes, Little & Seawell,* for the defendant in error.

Browning, J., delivered the opinion of the court.

In this case the plaintiff in error, Lewis J. Barr, was the plaintiff in the trial court and the defendants in error, Lester E. Thacher, Castelberg, Incorporated, Associated Barr Stores, Incorporated, and the National Surety Company, were the defendants. Thacher was the principal defendant and the others were co-defendants.

Barr alleged in his petition that Thacher was indebted to him in the sum of $5,000 on account of damages suffered by him for personal injuries sustained by an assault made upon him by Thacher. The petition alleged that Thacher was a non-resident of the State of Virginia but had debts owing to him within the city of Norfolk, Virginia, and prayed that an attachment issue against such debts particularly those in the hands of the co-defendants. The defendants Castelberg's, Incorporated, and the Associated Barr Stores, Incorporated, answered the petition stating that they were indebted to Thacher in the amount of $2,862.13 which indebtedness was due by a judgment rendered in the Superior Court of San Diego county, in the State of California, in the matter of *Thacher, Plaintiff* v. *Castelberg's, Incorporated,* which judgment had not been satisfied or any part thereof paid by the said respondents.

It appears from an agreed statement of facts, which was made a part of the record, that Barr and Thacher were both residents of the State of California when this suit was instituted; that Castelberg's, Incorporated, was a Virginia corporation with its principal office in the city of Norfolk but that before the institution of this suit it had been absorbed by the Associated Barr Stores, Incorporated, without change in ownership or directorship; that Associated Barr Stores, Incorporated, is a Delaware corporation, with its principal office in Dover, Delaware, with its operating office in the city of Norfolk, Virginia.

The defendant, Thacher, filed a plea in abatement alleging that the supposed cause of action did not arise in the State of California and that defendant did not reside, at the time of the issuance of the writ in this cause, in the city of Norfolk, Virginia, but that he was at that time, and has

been since, a resident of the State of California, and that the defendant had neither estate nor debts owing him in the city of Norfolk, Virginia, and prayed that the court take no further cognizance of the action. The court sustained the plea and dismissed the attachment.

The question which is decisive of this case is whether or not the judgment obtained in the California court against Castelberg's, Incorporated, by Thacher, can form the basis for an attachment in Virginia. It is said in the defendants' brief that this question was presented and stressed in the argument before the lower court and that it was the foundation for that court's judgment.

In 6 C. J., page 92, it is said: "A judgment has its legal situs in the state of its rendition and cannot be reached by attachment proceedings in another state, although the debt on which it is based had its situs in such state."

In the annotation to the case of *Elson* v. *Chicago, R. I. & Pac. Ry. Co., etc.,* 43 L. R. A. (N. S.) 531 (154 Iowa 96, 134 N. W. 547, Ann. Cas. 1914A, 955), this statement is found: "There is a substantial conflict upon the question whether a judgment rendered in one court is subject to garnishment under process issued from another court of the same state. 20 Cyc. 1009. But, with the exception of a Pennsylvania case [*Fithian* v. *New York & E. R. Co.,* 31 Pa. 114], the right to garnish or attach in one state a judgment rendered in another has been uniformly denied."

Some of the cases cited as supporting this view will now be noticed.

In the case of *Shrewsbury* v. *Tufts,* 41 W. Va. 212, 23 S. E. 692, 697, it is said: "If the garnishment is under process from a court of a different jurisdiction from that in which the judgment sought to be garnished was entered, there seems to be no doubt that the garnishment cannot be permitted."

See 1 Freeman, Ex'ns, section 166, and cases there cited. See, also, *Wabash Ry. Co.* v. *Tourville,* 179 U. S. 322, 327, 21 S. Ct. 113, 45 L. Ed. 210; *Shinn* v. *Zimmerman,* 23 N. J.

Law, 150, 55 Am. Dec. 260, 263; *Norton* v. *Winter,* 1 Oregon 47, 62 Am. Dec. 297 and note.

The judgment of the trial court was plainly right.

*Affirmed.*