## CIRCUIT COURT OF ARLINGTON COUNTY

H. Max Ammerman

v.

Daniel A. Melnick et al.

September 1975

Case No. (Law) 18052

By JUDGE CHARLES H. DUFF

The Motion to Quash the Attachment presents, in my judgment, two basic issues; the first, whether a foreign judgment subject to appeal is entitled to full faith and credit so as to be able to form the basis of an attachment of Virginia assets owing to the judgment debtor, and second, whether the Attachment Petition, Affidavit in support thereof, and Order of Publication are procedurally effective

The annotation in 2 A.L.R.3d 1384 observes that almost without exception judgments from which an appeal has been taken without a supersedeas have been required as final judgments entitled to be accorded full faith and credit, even though the appeals were still pending in the courts of the original jurisdiction.

In *Piedmont and A. L. Insurance Company v. Ray*, 75 Va. 821 (1881), the Court of Appeals affirmed a lower court's judgment for a plaintiff based upon a Texas judgment which had been obtained by the plaintiff and which was on appeal in Texas. The defendant resisted the Virginia action on the ground of the pendency of the appeal in Texas. Although the statutes relating to appeals by writs of error were not in evidence, it was held that in the absence of proof, it would be taken that the law of Texas was the same as that of Virginia and that under Virginia statutes, an appeal by writ of error did not effect a supersedeas and that execution could have issued on a

judgment despite the appeal. The Texas judgment by a court of competent jurisdiction was held to support the action in Virginia, notwithstanding the pendency of the appeal.

*Barr v. Thacher*, 164 Va. 26 (1935), cited by the defendants is, in my judgment, distinguishable. Barr brought a Writ of Attachment alleging a debt owing to him by Thacher from a personal injury. The petition alleged Thacher to be a non-resident of Virginia but that debts were owing to him in Norfolk by Castelberg's, Incorporated. The nature of the debt allegedly owing was a California judgment which Thacher had recovered against Castelberg's. There was no showing of other debts owing to Thacher in Virginia. No Virginia action had ever been brought on the California judgment as such. Under these circumstances, the court held that the judgment in California against Castelberg's, Incorporated, could not form the basis for an attachment in Virginia. In short, judgment did not represent assets or property in the hands of the co-defendant owing to the principal defendant. In the case at bar, however, the bank account sought to be attached is an asset in the hands of the co-defendant owing to the Melnicks. Accordingly, I am of the view that, under the circumstances presented, the Maryland judgment can and does form the basis of a valid claim that the principal defendants are indebted to the plaintiff and enables the plaintiff to reach by attachment assets owing to the principal defendants in Virginia.

With respect to the procedural aspects of the case, the Petition for Attachment does not detail the full particulars upon which the debt is grounded. However, there was filed an Affidavit of the plaintiff in support of the Petition which sets out the particulars in full. Likewise, the Motion for an Order of Publication and the Affidavit in support thereof details the particulars. The Order of Publication does not set forth the precise grounds upon which the debt is claimed to be owing. It seems to me that the narrow issue thus presented is whether the Order of Publication was procedurally effective to constitute valid substituted service upon the defendants.

Section 8-72 provides, *inter alia*: "Every order of publication shall give the abbreviated style of the suit, state briefly its object, and require the defendants against whom it is entered . . . ."

The Order of Publication in this case gave the abbreviated style of the suit and stated briefly its object, namely to obtain an attachment upon the First and Merchants National Bank of Arlington and to levy upon any and all accounts of the principal defendants maintained by the said bank. There exists no requirement that the precise details of the nature of the plaintiff's claim against the principal defendants to be set forth in the Order of Publication. It is sufficient if the principal defendants are placed on notice of the object of the suit. I am of the Opinion that the Order of Publication in this instance is sufficient.

Mr. Ammerman will prepare an appropriate order denying the Motion to Quash.