N. Y. 253; *Williams* v. *The People*, 24 N. Y. 406; *Sullivan* v. *The Mayor*, 53 N. Y. 652; *Matter of Volkening*, 52 N. Y. 650 [in memoranda]; *In re Wentzel* v. *The People*, in error, Ct. App. Nov. 1874).

The judgment and order appealed from should be affirmed.

LARREMORE, J., concurred.

Ordered accordingly.

---

DANIEL GILLESPIE *against* THE MAYOR, ALDERMEN AND COM-MONALTY OF THE CITY OF NEW YORK.

(Decided December 31st, 1875.)

Under the power conferred on the commissioners of taxes and assessments of the county of New York, by L. 1869, ch. 898, § 2, " from time to time to appoint and fix the compensations of such clerks and employees as they may deem essential to the effective discharge of the duties of the department," the appointment of a clerk at a fixed salary per annum, constitutes no fixed or definite employment of such person as clerk for the then current year or any other specific period, and he may at any time be removed by the appointing power. Per ROBINSON, J.

The authority vested in the commissioners to appoint and fix the rate of compensation of clerks and employees, imposes upon them the duty not only of appointing and removing such appointees whenever they deem proper, but also from time to time, of altering and again fixing the rate of compensation as in the judgment of the commissioners the public interest requires, and their engagement and employment of a clerk is subordinate to the exercise of such discretion and judgment, which cannot be legally surrendered or abridged by contract with any clerk or employee, or upon any agreement in relation thereto, except as to the rate of compensation agreed upon for services actually performed. Per ROBINSON, J.

The plaintiff having been appointed a clerk in the tax office, by the commissioners, and his salary fixed at $3,000 per annum, was paid at that rate up to January 1st, 1872, and thereafter continued to act as such clerk, without any payment being made to him on account of his salary, up to some time prior to April,

Gillespie v. The Mayor, Aldermen and Commonalty of the City of New York.

1872, when he was notified that, owing to a reduction in the appropriations for the current year, the amount of his salary would remain undetermined until further action of the commissioners. The plaintiff continued in the employment, and was afterwards notified that his salary had been reduced to $2,000 per annum, to commence January 1st, 1872, and in April, 1872, he was paid his salary for January, February, and March, 1872, at that rate, and gave a receipt "in full" therefor. *Held,* that the plaintiff, by his continuance in the employment after notice that his salary would remain undetermined until further action, signified his acceptance of the salary that might be fixed for him by the commissioners, and could not claim more than they might thereafter allow him.

APPEAL by plaintiff from a judgment of this court entered on the decision of Judge ROBINSON dismissing the complaint, after a trial before him without a jury.

The action was brought to recover a balance of salary due the plaintiff as clerk to the commissioners of taxes and assessments.

The facts are fully stated in the following opinion, which was delivered at special term by

ROBINSON, J.—The legal responsibility of the defendant for any valid claim of the plaintiff against the county is not questioned under the provisions of chapter 898 of the Laws of 1869. He was appointed by the commissioners of taxes and assessments a clerk in the tax office, and continued to act as such from December, 1869, till July 24th, 1873. By section 2 of that act such commissioners were authorized, "from time to time, to appoint and fix the compensation of such clerks and employees as they might deem essential to the effective discharge of the duties of said department."

By resolution passed in December, 1869, they fixed the salary of such a clerk at $3,000 per annum, and plaintiff having been duly appointed to that position, received payment of a salary at that rate, until January 1st, 1872. He continued to perform the duties of such clerk in the tax office until July 24th, 1873, when he was discharged by the officers of the department of taxes, established by the act of 1873, ch. 335, § 26, exercising the powers conferred by § 86.

The commissioners of taxes, by resolution passed in December,

1869, had fixed the salary of such a clerk at $3,000 per annum, and plaintiff was paid for his services monthly, at that rate, until January 1st, 1872. No payment was made him for his services rendered during the months of January, February, and March, 1872, until in April of that year, when for those three months he was paid for his services $500. The change in such rate of compensation is claimed by the defendant to have regularly occurred as follows:

On the 29th of February, 1872, plaintiff was notified by the commissioners that the board of apportionment and audit, acting under the provisions of chapters 9 and 29 of the Laws of 1872, had so materially reduced the appropriations for the months of January, February, March and April of that year, that until further action, the rate of compensation for his services would remain undetermined.

By resolution passed by said board of commissioners on the 29th day of March, 1872, they reduced plaintiff's salary, "from January, 1872, to $2,000 per annum," and on the 6th of April, 1872, he was paid at that rate, $500 for the past three months salary, for which he gave a receipt as "in full" therefor. He was thereafter paid monthly at the same rate, and gave corresponding receipts therefor, as in full payment for his compensation on salary up to June 1st, 1873.

Under the provisions of the new city charter, entitled "An act to reorganize the local government of the city of New York," ch. 335 of the Laws of 1873, and by § 26, a department of taxes and assessments was established in the city government, consisting of certain officers therein named, who by § 87 were authorized to regulate and abolish all subordinate officers therein mentioned; but it provided as follows: "No regular clerk or head of bureau shall be removed until he shall be informed of the cause of the proposed removal, and has been allowed an opportunity of making an explanation; and in every case of removal, the true ground thereof shall be forthwith entered on the records of the department."

By § 28, heads of department was intrusted with the duty of appointing and removing all officers, clerks and employees, also of designating and appointing their number and amount of

salary. The officers thus appointed to the tax department superseded the commissioners of taxes, and plaintiff accepted and continued in his employment under them until July 24, 1873.

Under the provisions of this act of 1873, his salary was, on the 31st of May, 1873, reduced to $1,500 per annum, at which rate he was thereafter paid monthly, and gave receipts therefor, as in full payment, until the 24th of July, 1873, when he was removed by the officers of the department. This was done without his having been informed of the cause of his removal, an opportunity afforded him for explanation, or any entry made in the records of that department of the grounds thereof.

I am of the opinion upon these facts, and as matters of law:

1st. That such employment of the plaintiff at a stated salary of $3,000 per annum, where the officers appointing him were vested with the authority, "from time to time to appoint," was necessarily subject to a like authority from time to time to remove him from such employment; and constituted no fixed or definite employment for the current year or any other specific period.

2d. That the authority vested in the commissioners of taxes, thus to appoint and fix the rate of compensation of such clerks and employees, also imposed upon them the duty not only of appointing and removing such appointees whenever deemed proper, but also from time to time of altering and again fixing the rate of their compensation as, in the judgment of the commissioners, the public interest required; that the engagement and employment of the plaintiff was subordinate to the exercise of such discretion and judgment, which could not be legally surrendered or abridged by contract with any clerk or employee, or upon any agreement in relation thereto, except as to the rate of compensation agreed upon for services *actually performed*.

3d. That plaintiff, being notified by said commissioners on the 29th of February, 1872, that the board of apportionment and audit had, under the provisions of chapters 9 and 29 of the Laws of 1872, materially reduced the appropriations for salaries

from January 1st to April 30th, 1872, and that until further action, his compensation would remain undetermined, signified by his continuance in office his acceptance of the terms that his salary should thus remain undetermined, and they were operative and binding on him.

4th. That when thus notified, he had actually earned this compensation for the months of January and February, 1872, at the rate of $3,000 per annum; but,

5th. By his continuance in such employment after such notification, he consented and agreed to remain in such employment, subject to such rate of compensation as might thereafter be fixed by such commissioners.

6th. That such rate of compensation having been subse quently, and on the 29th of March, 1872, fixed by said commissioners at $2,000 per annum, from January 1st, 1872, including that which was thereafter to accrue; and the plaintiff having continued in office under such agreement as to his rate of compensation, and accepted payment in accordance therewith, he is (without any alleged fraud or mistake) concluded from questioning the efficacy of such agreement, or the satisfaction and discharge of the claim or suit for services rendered during the months of January, February, and March, 1872, in accordance with the terms thereof.

7th. That having accepted employment under the department of taxes and assessments, as constituted by the act of 1873, he is also concluded from questioning their authority to supersede the commissioners of taxes and assessments, who had ceased to act.

8th. That his suit for wages does not authorize any recovery of damages for any unlawful discharge from his employment (*Moody* v. *Leverich*, 4 Daly, 401 ; *Polk* v. *Daly*, Ib. 411). No cause of action being established, the complaint should be dismissed.

From the judgment entered in accordance with this opinion the plaintiff appealed to the court at general term.

*Richard O'Gorman*, for appellant.

*D. J. Dean*, for respondent.

J. F. DALY, J.—I am in favor of affirming this judgment, for the reasons stated in the opinion of the learned judge before whom the cause was tried. The only question requiring consideration arises upon the plaintiff's exception to the sixth finding of fact, that plaintiff had notice of the resolution of the commissioners that his salary would remain undetermined, on the day when such resolution was passed. The evidence does not show that he had notice on that day, Feb. 29th, 1872. He had notice that the salaries were undetermined, and this was prior to the time when the salaries were reduced to $2,000, viz., about April 1st, 1872. Such notice having been given him before April 1st, 1872, and before he received the warrant at the rate of $2,000 per annum, the reasoning and conclusion of the judge applies, whether that notice was received on Feb. 29th, 1872, or a short time only prior to April 1st, 1872, for he continued in his employment with the knowledge that his salary was to remain undetermined, and thus consented to go on subject to the rate of compensation which might thereafter be fixed by the commissioners.

The judgment should be affirmed, with costs.

CHARLES P. DALY, Ch. J., and LOEW, J., concurred.

Judgment affirmed.