[No. 6,483.—Department One.]

LOREN COBURN v. J. P. AMES ET AL.

RECEIVER—NOTICE OF MOTION.—A motion to discharge a receiver ought only to be heard upon notice to all parties; but held, in this case, that a failure to give such notice, was not such an irregularity as to justify a reversal of an order of discharge.

ID.—A receiver was in possession of a wharf and of the adjacent land, having taken possession thereof from defendant, and received money from the use of the entire premises. The adjacent land only was adjudged to belong to plaintiff. *Held*, that upon the discharge of the receiver, it was error to direct the *whole* of said money to be paid to the plaintiff.

APPEAL from an order, in the Twelfth District Court, San Mateo County. DAINGERFIELD, J.

*Fox & Kellogg*, for Appellants.

The rule is, that a receiver is the hand of the Court; property in his possession is in the possession of the Court. (*Richards* v. *C. & O. R. R. Co.* 1 Hugh, 28; *King* v. *Ohio etc. R. R. Co.* 7 Biss. 529; *Albany City Bank* v. *Schermerhorn*, 9 Paige, 372.)

His appointment determines no right, and does not affect the title to the property in any way. *His holding is the holding of the Court for him, from whom the possession is taken.* (*Ellicott* v. *U. S. Ins. Co.* 7 Gill, 307.)

Having taken the property into its possession, the Court erred in discharging it from custody without specifically directing the disposition that should be made of it. Is it possible that the Court can, under the law, take property from the possession of a defendant, and, upon it being adjudged that the plaintiff is not entitled to recover it, without notice to defendant let go its hold, turn it loose, and let the plaintiff through that instrumentality seize it?

*John J. Williams*, for Respondent.

The Supreme Court held, in this case, that the title and right of possession to that part of the wharf and chute which is below ordinary high-water mark were in the State of California. (52 Cal. 385.)

The act of the plaintiff in taking possession, therefore, of the said premises violated no right of the defendants.

The defendants, therefore, never having owned or condemned any land at Pigeon Point, had no legal authority to erect a wharf or chute, or exact toll from any one. Every dollar they collected should have been paid to plaintiff.

MORRISON, C. J.:

The plaintiff brought an action in the District Court against the defendant, for the recovery of the possession of certain lands described in the complaint, and also of a wharf or chute thereto attached or connected therewith, and recovered judgment on the 15th day of June, 1870. From that judgment, an appeal was taken to the Supreme Court on the 17th day of the same month.

After the appeal, and before the hearing in the Supreme Court, that is to say, on the 22nd day of July, 1876, the District Court made an order appointing a receiver to take possession of the property in controversy, to collect the tolls, and generally to manage the same. On the 9th day of October, 1877, the Supreme Court rendered its decision and judgment on appeal, and it was by that Court " ordered that the judgment be and is hereby modified by striking so much therefrom as includes the wharf and chute below the line of high water, and in other respects the judgment is affirmed "; and on the 18th day of March, 1878, the judgment of the District Court was modified in accordance with the mandate of the Supreme Court. On the 29th day of that month, in the absence of and without notice to the defendants or their counsel, the judge of the District Court caused to be entered in the minutes of the Court an order discharging the receiver " from all and singular the duties imposed upon him by the order of this Court, except the accounting for his acts in the receivership aforesaid." On the 29th day of March, an application was made on behalf of the defendants, to set aside the order discharging the receiver, and for an order commanding him to restore the possession of the wharf and chute to the defendants, which motion was denied by the Court on the 18th day of January, 1879.

On the 9th day of October, 1878, the receiver filed his report, from which it appeared that the balance in his hands was $4,267.45, and on the 8th day of January, 1879, an order was entered settling the accounts of the receiver, and directing him

to pay over the *balance of money in his hands* to the plaintiff.
From these several orders the defendants have appealed to this
Court.

The first ground of error alleged is, that the receiver was dis-
charged without notice to the defendants, and without being re-
quired to redeliver the possession of the wharf to them. It
would have been proper practice to have notified the defendants
before discharging the receiver. Mr. Daniell, in his work on
Chancery Pleading and Practice, volume 2, p. 1447, says:
" A receiver, however, is never discharged by decree, but the
application for his discharge is usually made by motion, whereof
notice should be served on all parties." We cannot say, how-
ever, that the irregularity was such as to justify a reversal of
the order.

The rights of the parties had been definitely settled by the
judgment of the Supreme Court, and it was proper for the
Court below to discharge the receiver after notice, and it was
not error to deny the application made on behalf of the defend-
ants to restore the receiver to the possession of the property,
after the rights of the respective parties had been determined
by the judgment of the Supreme Court. But we think there
was error which entitles the defendants to relief in this Court,
when the Court made its order of January 8th, 1879, settling
the receiver's accounts. The receiver is the officer of the Court,
and truly the hand of the Court. His holding is the holding
of the Court for him from whom the possession was taken. He
is appointed on behalf of all parties, and not of the plaintiff or
of one defendant only. His appointment is not to oust any
party of his right to the possession of the property, but merely
to retain it for the benefit of the party who may ultimately ap-
pear to be entitled to it; and when that is ascertained, the
receiver will be considered as his receiver. (*Ellicott* v. *War-
ford*, 4 Md. 85; in the matter of *Racheal Colvin*, 4 Md. C. 126;
High on Receivers, § 837.)

In this case it was held by the Supreme Court, that the plaint-
iff was not entitled to the possession of the wharf and chute,
and it would be strange doctrine to hold that he nevertheless
is entitled to the profits derived from the use of them pending
litigation. On the authorities above cited, it should have been

held that the receiver was in possession of the land for the benefit of the plaintiff, and of the *wharf* for the benefit of the *defendants.* The appointment did not oust any party of his right to the possession, but he was appointed merely to retain the property for the party who might ultimately appear to be entitled to it. When it was determined that the plaintiff was only entitled to the *land*, that determination certainly did not establish any right in him to the profits arising from the *wharf*, and it was error on the part of the Court below to award him all the receipts from both the land and the wharf. The report of the receiver shows that " the entire amount of cash received from the above sources, and which has constituted the gross earnings of such chute for the period named, amounted to $9,126.14." From the gross amount, certain deductions were made, and certain credits were claimed, which were allowed by the Court, and it was ordered that the *entire balance* should be paid over to the plaintiff. We think this was error.

The principle above announced is not affected by § 2913 of the Political Code, which declares that until the use of lands is obtained in the manner provided by law, " there is no authority to construct a wharf, chute, or pier, or to take tolls thereon."

It may be that the tolls were collected under circumstances which did not justify their collection, and therefore they *could not have been collected* if the parties paying them had refused to pay; but they were, in fact, collected by the receiver, when he, as the hand of the Court, held the wharf for the benefit of the defendants, and the receipt of such tolls by him was a receipt for their benefit, in *part at least.* We will not attempt to adjust the rights of the parties to the money in the hands of the receiver, and the extent of this opinion is, that the Court below erred in awarding to the plaintiff *all of the moneys* remaining in the hands of the receiver.

Order of January 8th, 1879, reversed, and cause remanded, with instructions to adjust the accounts in accordance with this opinion.

McKEE, J., and Ross, J., concurred.