[No. 11582.   Department One. — August 31, 1889.]

LOREN COBURN, APPELLANT, *v.* J. P. AMES ET AL., RESPONDENTS.

PRACTICE — ORDER DIRECTING RECEIVER TO PAY FUND INTO COURT — RECORD ON APPEAL MUST SHOW ERROR. — An order directing a receiver to pay a fund in his hands into court will not be held erroneous when the record on appeal fails to show the grounds on which the motion was made or granted, or that any exception was taken to the granting of it.

APPEAL from an order of the Superior Court of the city and county of San Francisco settling the accounts of a receiver, and directing him to pay a fund into court.

The facts are stated in the opinion.

*Craig & Meredith*, for Appellant.

*Fox & Kellogg*, for Respondents.

VANCLIEF, C. — Ejectment for land and a wharf connected therewith.

The plaintiff recovered the land, but not the wharf.

Pending the action a receiver had been appointed to take charge of the land and wharf, and to receive all wharfage and income from the same; and there was in the hands of the receiver $2,214.45 subject to be paid to the parties to the action as the court should direct; and the court ordered the whole sum to be paid to the plaintiff.

From this order the defendant appealed, and this court reversed the order, on the ground that plaintiff was not entitled to all the money, but did not determine what portion thereof either party was entitled to, and remanded the case, with instructions to adjust the accounts in accordance with the opinion of the court. (57 Cal. 201.)

On the receipt of the *remittitur* the lower court heard the evidence produced by the parties, and ordered that the money be equally divided between plaintiff and defendants. From this order the present appeal is taken, on the ground that it is not justified by the evidence.

The evidence strongly tends to prove that the defendants were entitled to at least one half of the money.

The record shows no ground for the point that the court erred in ordering plaintiff to pay the fund into court. All that appears is, that "motion for order to compel plaintiff to pay said fund into court granted." Neither the motion nor the grounds upon which it was made or granted, nor any exception to the granting of it, appears. And it is even uncertain whether or not any appeal from it has been taken.

I think that both orders should be affirmed.

GIBSON, C., and BELCHER, C. C., concurred.

THE COURT.—For the reasons given in the foregoing opinion, the orders appealed from are affirmed.