(31 Misc. Rep. 693.)

### WILSON v. CITY OF NEW YORK.

(Supreme Court, Trial Term, New York County. June 11, 1900.)

1. MUNICIPAL CORPORATIONS—OFFICERS—DECREASE IN SALARY.
    Where a department of a city government has authority to appoint a person to a salaried position under it, it also has power to reduce the salary of such person during his incumbency of the office, as to future service, unless prohibited by statutory or constitutional provisions.

2. SAME—HEALTH DEPARTMENT CLERK.
    Laws 1882, c. 410, § 48, providing that the salaries of clerks in the various departments of the city government in the city of New York shall be such as the heads of the respective departments shall designate and approve, does not prohibit the health department of the city of New York from diminishing the salary of one of its appointive clerks, as to prospective services to be rendered by him.

3. SAME—ACCORD AND SATISFACTION—SETTLEMENT OF DISPUTED CLAIM—ACCEPTANCE OF SALARY.
    Where a public clerk, whose salary has been diminished during his incumbency of an office, accepts, without protest, payments at the reduced rate, knowing that the employer claims such payment to be in full payment of his salary, his acceptance will be deemed a settlement of the disputed claim; and he cannot thereafter recover for the balance which he would have earned under the old rate.

Action by Joseph F. Wilson against the city of New York to recover a balance of salary claimed to be due. Judgment for defendant.

John C. Robinson, for plaintiff.
John Whalen and W. B. Crowell, for defendant.

McADAM, J. The plaintiff was appointed as a clerk by the health department July 13, 1887, with a salary at the rate of $1,200 per annum. On December 28, 1892, the salary was by resolution of the

department fixed at the rate of $1,500. On January 23, 1895, the salary was by a like resolution fixed at $1,300. The plaintiff accepted and receipted for salary at that rate under said resolution up to July 14, 1896, when he resigned. He now sues to recover $300 (being the difference between $1,300 and $1,500 per year), upon the ground that the resolution of January 23, 1895, was unauthorized. The plaintiff is in error as to this. The prospective salary of a public office may be increased or decreased by the appointing power, except in cases wherein the statute or the state constitution expressly or by necessary implication withholds the authority. Dill. Mun. Corp. (2d Ed.) § 70. In Conner v. Mayor, 5 N. Y., at page 296, the court said:

"The prospective salary or other emoluments of a public office are not the property of the officer, nor the property of the state. They are not property at all. They are like daily wages unearned, and which may never be earned. The incumbent may die or resign, and his place be filled and the wages earned by another. The right to the compensation grows out of the rendition of the services, and not out of any contract between the government and the officer that the services shall be rendered by him. They may be paid for in fees at one time, in salary at another, and either may be increased or diminished in amount at any time before they are earned."

See, also, Gillespie v. Mayor, 6 Daly, 286; Smith v. Mayor, 37 N. Y. 518; and authorities collated in N. Y. Law J., June 11, 1900, p. 866. "The cases * * * distinctly decide that the relation between such public officers and the authority superior to them is not that of contractors with each other, and that a claim to official emolument cannot be based upon the idea of a property interest in the office, or that of an agreement to pay the same." McVeany v. Mayor, 80 N. Y. 185, 190. And see Long v. Mayor, 81 N. Y. 425, 428; Nichols v. MacLean, 101 N. Y. 526, 533, 5 N. E. 347.

Public office is intended for the public good, and not for the particular gain of the incumbent. It is a mere agency or trust. The statute applicable to the plaintiff's salary provides that "the number and duties of all * * * clerks, employees and subordinates in every department * * * with their respective salaries * * * shall be such as the heads of the respective departments shall designate and approve," etc. Consol. Act (Laws 1882, c. 410, § 48). The resolution of January 23, 1895, was therefore a lawful exercise of power by the department, necessitated, as it claims, by a reduction in the appropriation made to the department by the board of estimate and apportionment. Even if the question were open to dispute, the acceptance of the salary by the plaintiff under the claim by the defendant that it was in full, based upon said resolution, was the settlement of a disputed demand, and constitutes a good accord and satisfaction.

There must be judgment in favor of the defendant.