## SUMPTER v. STATE.

### Opinion delivered December 10, 1906.

CONSTITUTIONAL LAW—SUSPENSION FROM OFFICE PENDING INDICTMENT.— Kirby's Digest, § 7992, providing that any county or township officer against whom any presentment or indictment shall be filed shall be suspended from office until such presentment .or indictment shall be tried, is not unconstitutional as depriving the officer of property without due process of law or without the judgment of his peers or the law of the land within the prohibitions of the Constitution, art. 2, § § 8, 21.

Appeal from Garland Circuit Court; *Alexander M. Duffie,* Judge; affirmed.

### STATEMENT BY THE COURT.

The grand jury of Garland County returned an indictment against O. H. Sumpter, county judge of Garland County, for nonfeasance in office for failing to hold the common pleas court on the 13th day of September, 1906, that being a day of an adjourned term of that court which the county judge was required to hold. Afterwards, on motion of the prosecuting attorney, the circuit court entered an order suspending Sumpter from the office of county judge until the indictment was tried, but specified that the suspension should not extend beyond the next term of the court unless the cause was continued on the application of Sumpter. Sumpter appealed.

*C. V. Teague, R. G. Davies* and *J. P. Clarke,* for appellant.

The act, Kirby's Digest, § 7992, when applied to the facts in this case, is unconstitutional. Appellant recognizes the fact that its constitutionality was upheld in *State* v. *Allen,* 32 Ark. 241, but insists that that decision was erroneous and should be overruled. Art. 2, § 21, Const.; art 2, § 8 *Id.*; 10 Ark. 516; 37 Ark. 391; 27 Ark. 401.

While the office is not deemed property or a contract in the sense that will deprive the State of the reserved power to deal with it at pleasure, yet, where the controversy is as to the right of the. incumbent to hold the office as against a claim of a right to supplant him asserted on behalf of another person, the office is property. 32 Ind. 125; 92 U. S. 480; 112 U. S. 201; 143 U. S.

135; 169 U. S. 586; 178 U. S. 583, dissenting opinion; 31 Ark. 31; 42 Ark. 117.

The statute is void also because it imposes upon the court an explicit and imperative duty, not only in so far as it gives direction what the court shall do without a hearing and consideration, but it requires that it be done immediately, and as a mere matter of form. 24 Ark. 91; 58 Ark. 121.

A ministerial act performed by a judge is of no more comprehensive and obligatory force than when the same character of act is performed by a non-judicial officer. If an act is not by reason of its attributes judicial, it does not become so by being performed by a judicial officer. 93 Md. 156; 48 Ala. 399; 92 Md. 150. See, also, 39 Ark. 85; 17 Ind. 169; 100 Ala. 42.

RIDDICK, J., (after stating the facts.) The only question presented by this appeal is whether the statute by virtue of which the appellant was suspended from the office of county judge pending the trial of an indictment against him for nonfeasance in office is a valid law or not. The language of the act is as follows:

"Whenever any presentment or indictment shall be filed in any circuit court of this State against any county or township officer for incompetency, corruption, gross immorality, criminal conduct amounting to a felony, malfeasance, misfeasance or nonfeasance in office, such circuit court shall immediately order that such officer be suspended from his office until such presentment or indictment shall be tried. Provided, such suspension shall not extend beyond the next term after the same shall be filed in such circuit court, unless the cause be continued on the application of the defendant." Kirby's Digest, § 7992.

The act further provides that, upon conviction for any such offenses, a part of the sentence of the court shall be removal from office. It also provides for a temporary appointment of an officer to discharge the duties of the office during the suspension and for an appointment to fill the vacancy if upon conviction the officer so suspended is removed from office. It will be noticed that the statute does not authorize a removal from office upon the filing of the indictment, but only a suspension until the indictment can be tried, and to guard against unwarranted delay it provides that the suspension shall not extend beyond the next term of the court unless the case be continued on the application of the defendant.

There is a distinction between a suspension and a removal from office. In the case of suspension the defendant still remains an officer, and there is no vacancy, but as a matter of public policy he is prevented from exercising the duties of the office while an indictment is pending against him.

The statute makes no reference to the salary of the officer pending his suspension. It may follow that, by virtue of the suspension, he loses the salary during the period of suspension. But that matter is not before us. The question here is, has the Legislature the power as a matter of public policy to provide that a county officer indicted for misfeasance, malfeasance, or nonfeasance in office shall be suspended and not allowed to discharge the duties of the office during the pendency of the indictment.

In a recent work it is said that: "It is well settled in the United States that an office is not the property of the office holder, but is a public trust or agency; that it is not held by contract or grant; that the officer has no vested right therein; and that, subject to constitutional restrictions, the office may be vacated or abolished, the duties thereof changed, and the term and compensation increased or diminished." 23 Am. & Eng. Enc. Law, 328.

This statement of the law is supported by numerous decisions, and is undoubtedly correct. It follows that, unless restricted by the Constitution, the Legislature has the right to declare that no county judge shall serve as such while an indictment is pending against him for malfeasance or nonfeasance in office.

To sustain the contention that this law is invalid, we are pointed to only two provisions of the Constitution.

It is said that the Constitution provides that "no person shall be deprived of life, liberty or property without due process of law." Art. 2, § 8. And again that it provides that "no person shall be taken or imprisoned or disseized of his estate, freehold, liberties or privileges or * * * deprived of his life, liberty or property except by the judgment of his peers or the law of the land." Art. 2, § 21.

In reference to the provision in section 21 of art. 2, last quoted, it is only necessary to say that it does not limit the power of the Legislature to pass laws, but forbids that any one shall be

deprived of his rights, liberty, privileges or property, etc., except in accordance with the law. As the suspension in this case was based on a statute regularly passed, that section does not apply until it be shown that this law is invalid. As to the other quotation from section 8 of art. 2, which provides that no person shall be deprived of life, liberty or property without due process of law, it is evident that this defendant has been deprived neither of his life nor liberty, and this provision does not apply unless we can say that an office comes within the meaning of the word "property," of which the Constitution says no person shall be deprived without due process of law.

But we have just said that an office is not the property of the office holder. This question has often been considered by the courts, and is too well settled to require much discussion. In the recent case of *Taylor* v. *Beckham,* 178 U. S. 548, Chief Justice Fuller, referring to this question, said that "the decisions are numerous to the effect that public offices are mere agencies or trusts, and not property as such. Nor are the salary and emoluments secured by a contract but compensation for services actments secured by a contract, but compensation for services actually rendered." "In short, generally speaking," he says, "the nature of the relation of a public officer to the public is inconsistent with either a property or a contract right." In his dissenting opinion in that case Mr Justice Brewer said: "Aside from these adjudications, I am clear, as a matter of principle, that an office to which a salary is attached is, as between two contestants for the office, to be considered a matter of property. I agree fully with those decisions which are referred to, and which hold that, as between the State and the office holder, there is no contract right either as to the term of office or the amount of salary, and that the Legislature may, if not restrained by constitutional provisions, abolish the office and reduce the salary. But when the office is not disturbed, when the salary is not changed, and when, under the Constitution of the State, neither can be, and when the question is simply whether one shall be deprived of that office and its salary, and both given to another, a very different question is presented, and in such a case to hold that the incumbent has no property in the office, with its accompanying salary, does not commend itself to my judgment."

Counsel for appellant quotes this language as supporting his contention that in this case the office must be treated as property. But we do not think so. The learned judge in this extract says that as between two contestants therefor an office to which a salary is attached is to be considered a matter of property, when the question "is simply whether one shall be deprived of that office and its salary and both given to another." But that is not the case here, for this is not a contest between two claimants to the same office. It is a contest between the State and the office holder. In such a case, to repeat the words of Judge Brewer quoted above, "there is no contract right either as to the term of office or the amount of salary, and * * * the Legislature may, if not restrained. by constitutional provisions, abolish the office and reduce the salary." If it may do that, it certainly may provide for a temporary suspension of the officer and his salary during the time an indictment is pending against him. This is done, not as a punishment, but because, as a matter of public policy, it was deemed safer for the public interests that an officer charged by a grand jury of his county with having been guilty of such crimes should not be permitted to continue to exercise the functions of his office until tried and acquitted.

This same conclusion was reached by this court in the case of *Allen* v. *State*, 32 Ark. 242, where Chief Justice ENGLISH, delivering the opinion of the court, said that the same objection that is made to this act "might be urged to all statutes which provide for arresting men accused of crimes and depriving them of liberty before trial and conviction. Persons charged with crimes are often denied bail or unable to give it when allowed, and are imprisoned before trial and conviction. Public policy requires this to be done for the due enforcement of penal laws."

Counsel for appellant says that the requirement that an indicted person give bail and the requirement that an indicted officer shall be suspended from office are not analogous. It is true that there is a difference, but both laws rest on public policy. The law permits the court to refuse bail and to keep confined persons charged with a capital case where the proof is plain. It requires the court to suspend a county officer indicted for malfeasance in office. It may result that an innocent man may be confined in jail or an official without fault be suspended

from office. In neither case is a punishment intended, but imprisonment in one case and suspension in the other is inflicted because the wisdom of the Legislature deemed that the interests of the public required it.

The offense charged in this case was a mild one, and it may be that the defendant had a valid excuse for his conduct. But, as we see it, the law required the court to order the suspension. Being of the opinion that the law is valid, the judgment is affirmed.