[Crim. No. 2300. Second Appellate District, Division Two.—March 29, 1933.]

THE PEOPLE, Respondent, v. HAROLD ROBINSON, Appellant.

Aileen M. MacLymont, Louis P. Russill and J. H. Creighton for Appellant.

U. S. Webb, Attorney-General, Bayard Rhone, Buron Fitts, District Attorney, and Tracy Chatfield Becker, Deputy District Attorney, for Respondent.

CRAIG, Acting P. J.—Upon an indictment charging attempts to commit extortion, the appellant was found guilty by a jury. He moved for a new trial, which was denied, and thereupon appealed from the judgment and from the orders entered upon said motions.

In one count of the indictment it was alleged that in violation of sections 518, 519 and 524 of the Penal Code, the defendant attempted to extort property from a judge of the superior court by a threat that he would publish and cause to be printed in a newspaper a statement falsely exposing said judge to disgrace and imputing disgrace to him, unless the latter should appoint him a receiver in an action then pending. In the remaining count it was charged that the defendant did "by means of a threat which he, the said defendant . . . did then and there . . . make and communicate orally to the said A. J. Showalter that he, the said defendant Harold Robinson would print and publish and cause to be printed and published in a newspaper edited and published by him, . . . and having a general circulation . . . a statement or article which would expose him the said A. J. Showalter to disgrace and would impute disgrace to him . . . and would express secrets affecting him . . . unless he . . . would pay and deliver or cause

to be paid and delivered to the said defendant . . . the sum of . . . $1,000.''

Said sections of the Penal Code provide, in part, as follows:

"518. Extortion is the *obtaining of property* from another, with his consent, induced by a wrongful use of force or fear, or under color of official right.

"519. Fear, such as will constitute extortion, may be induced by a threat, either:

. . . . . . .

"3. To expose, or impute to him or them any deformity or disgrace; or,

"4. To expose any secret affecting him . . . ''

"524. Every person who *attempts*, by means of any threat, such as is specified in section 519 of this code, to extort money or other property from another, is punishable by imprisonment . . . or by fine . . . , or by both such fine and imprisonment.''

■ Based upon the testimony of Judge Walter S. Gates the evidence of threats under the first count referring to Robinson was that "he said, 'It is about time I was getting a receivership worth while. I have been sticking around here for a long while. . . . If you don't do something for me I'm going to print an article.' And he handed me the article. . . . The substance of the proposed article was that we were protecting A. J. Showalter, who was a receiver for us, and that we were getting friends and relatives positions.'' It has been settled law for many years that a public office, *quasi*-official or otherwise, is not "Property" within contemplation of the statutes nor of the Constitution. As stated by the Supreme Court of Illinois in an early case: "It is impossible to conceive how, under our form of government, a person can own or have a title to a governmental office. Offices are created for the administration of public affairs. When a person is inducted into an office, he thereby becomes empowered to exercise its powers and perform its duties, not for his, but for the public benefit. It would be a misnomer and a perversion of terms to say that an incumbent owned an office, or had any title to it. The doctrine on this subject is. thus stated in the case of *Connor* v. *The Mayor of New York*, 1 Sheldon (5 N. Y.), 285: It was there said: 'Public offices in this state are not incor-

poreal hereditaments, nor have they character or quality of grants. . . . The prospective salary or other emoluments of a public office are not property of the officer, nor the property of the state. They are not property at all.' " (*Donahue* v. *County of Will,* 100 Ill. 94.) Opposed to the doctrine of common-law rulings cited by the respondent, we think the prevailing trend of American authorities is expressed in the quoted case. (*Attorney-General* v. *Jochim,* 99 Mich. 358 [58 N. W. 611, 41 Am. St. Rep. 606, 23 L. R. A. 699]; *Moore* v. *Strickling,* 46 W. Va. 515 [33 S. E. 274, 50 L. R. A. 279]; *Wilson* v. *City of New York,* 31 Misc. Rep. 693 [65 N. Y. Supp. 328]; *Hawkins* v. *Roberts,* 122 Ala. 130 [27 So. 327]; *State* v. *Henderson,* 145 Iowa, 657 [124 N. W. 767, Ann. Cas. 1912A, 1286]; *Sumpter* v. *State,* 81 Ark. 60 [98 S. W. 719]; *Gray* v. *McLendon,* 134 Ga. 224 [67 S. E. 859]; *Mial* v. *Ellington,* 134 N. C. 131 [46 S. E. 961, 65 L. R. A. 697].) And the same rule has since been announced in this state in the language of *Donahue* v. *County of Will, supra.* (*Sponogle* v. *Curnow,* 136 Cal. 580 [69 Pac. 255]; *In the Matter of Carter,* 141 Cal. 316 [75 Pac. 997].) The respondent would require by its contentions extension of the scope of our statutes to embrace an attempted coercion of the exercise of official duty to endow one with authority to possess and manage the property of a third, and with incidental emoluments, neither of which possession, dominion or emoluments was possessed nor exercised by the official appointing the recipient thereof. We are cited to no authority nor has one been found, which can be said to sanction an enlargement of the purview of the legislative expression to unlawfully obtaining a mere preference by a disinterested official in bestowing upon another a naked position which in no sense is property and which cannot be owned nor held by the appointing officer. The statutes require that guilt be established beyond a reasonable doubt that the defendant attempted to obtain *property* from the victim by the means therein defined. Were a receivership deemed a public office, which is not justified by the authorities, the subject matter of the attempted extortion would not fall within the statutory definition alleged in the indictment. (*Cohnen* v. *Black,* 105 Mich. 643 [63 N. W. 641]; *Citizens' Commercial & Savings Bank* v. *Bay Circuit Judge,* 110 Mich. 633 [68

N. W. 649]; *Coburn* v. *Ames*, 57 Cal. 201; *Brandon* v. *Anglo-California Trust Co.*, 177 Cal. 699 [171 Pac. 956]; *Tapscott* v. *Lyon*, 103 Cal. 297 [37 Pac. 225]; *Kreling* v. *Kreling*, 118 Cal. 421 [50 Pac. 549]; *Takeba* v. *Superior Court*, 43 Cal. App. 469 [185 Pac. 406].)

█ Upon the remaining count it was testified that Showalter was receiver in possession and control of properties involved in pending cases, and that the defendant had repeatedly requested appointment by him as manager of properties so held; that Robinson ''came in and demanded $1000, or said he would blow the American Mortgage receiverships out of the water''. And upon another occasion had criticised them, the witness, however, admitting: ''I don't recall that he made the statement that he would publish anything if I didn't do certain things. . . . I would not want to say that he threatened. The paper had already published articles regarding the American Mortgage receivership, and his attitude was that they would publish other things, but he did not say that he would not publish them if I did anything. There was no threat that I could do something to prevent him from doing it.'' It is not denied by the appellant's argument that the subject matter of the alleged offense was in this instance ''money'', but it is urged by appellant that as to the use of ''fear'' the prosecuting witness swore that he ordered the defendant from the premises at the time of such threat, and therefore that evidence of this latter element of the offense is wholly negatived by his testimony. It is well settled that the crime here charged depends upon the conduct and intent of the person who makes the threat, and that the effect produced upon the person against whom it is made is immaterial, so that if the effect in evidence warranted the jury in believing that the defendant intended that his threat would produce ''fear'' in the mind of Showalter, and if the threat was of such character as might reasonably have that result, it would be wholly immaterial that Showalter was unaffected thereby. (*People* v. *Lavine*, 115 Cal. App. 289 [1 Pac. (2d) 496].) █ We have no doubt that the language used by Robinson as testified by Showalter was subject to such a construction.

As to the second count, the judgment of conviction is reversed; as to the third, it is affirmed.

The order denying the motion for new trial on the second count is reversed. As to the third count it is affirmed.

Stephens, J., and Archbald, J., *pro tem.*, concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 13, 1933, and applications by appellant and respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 28, 1933.