[Civ. No. 51979. Second Dist., Div. Five. Mar. 30, 1978.]

SALLY ANN ISAAC, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY,
Respondent;
THE PEOPLE, Real Party in Interest.

**COUNSEL**

Wilbur F. Littlefield, Public Defender, Harold E. Shabo, Dennis A. Fischer, Wayne R. Brandow and H. Reed Webb, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

John K. Van de Kamp, District Attorney, Donald J. Kaplan and Richard W. Gerry, Deputy District Attorneys, for Real Party in Interest.

## OPINION

**ASHBY, J.**—Petitioner seeks a writ of mandate to compel respondent court to grant petitioner's demurrer (Pen. Code, § 1004) to count I of a pending information, on the grounds the information fails to state a public offense and fails to comply with Penal Code sections 950-952. We issued an alternative writ and temporarily stayed the proceedings.

Count I of the information charges petitioner with "ATTEMPTED EXTORTION, in violation of Section 664/518, Penal Code," in that on or about May 12, 1976, she "did willfully and unlawfully attempt to obtain an official act of a public officer, to wit, Chief of Police, by the wrongful use of force or fear." The preliminary hearing evidence indicates that petitioner sent a letter to the Chief of Police of the City of Los Angeles threatening him with bodily harm if he did not release William and Emily Harris, two individuals then in custody.

The relevant provisions of the Penal Code regarding the crime of extortion are contained in part 1, title 13, chapter 7 (§§ 518-527). Penal Code section 518 provides: "Extortion is the obtaining of property from another, with his consent, or the obtaining of an official act of a public officer, induced by a wrongful use of force or fear, or under color of official right."

Petitioner contends that section 518 is definitional only, that such section alone does not declare whether the crime is a felony or misdemeanor or provide a punishment, and that therefore the reference in the information to Penal Code sections 664/518 literally fails to charge her with an offense. This contention is without merit.

There is no requirement that the information name the statute which the accused is charged with violating, so long as the charging language adequately informs the accused of the act which she is charged with committing. (*People* v. *Schueren,* 10 Cal.3d 553, 558 [111 Cal.Rptr. 129, 516 P.2d 833]; *People* v. *Severino,* 122 Cal.App.2d 172, 179 [264 P.2d 656].) Here the charging language informed petitioner that she is charged with an "attempt to obtain an official act of a public officer, to wit, Chief of Police, by the wrongful use of force or fear." This adequately states an offense under Penal Code section 524, which provides: "Every person who attempts, by means of any threat, such as is specified in Section 519 of this code, to extort money or other property from another is punishable by imprisonment in the county jail not longer

than one year or in the state prison or by fine not exceeding five thousand dollars ($5,000), or by both such fine and imprisonment."

Two possible issues suggest themselves. First, the information erroneously designates the general attempt statute, section 664, rather than the specific attempted extortion statute, section 524. Petitioner suffers absolutely no prejudice or confusion, however, from the erroneous designation of section 664 in the information, since the charging language clearly refers to attempted extortion. (*People* v. *Winning,* 191 Cal.App.2d 763, 768-769 [12 Cal.Rptr. 885]; *People* v. *Siegel,* 198 Cal.App.2d 676, 683-684 [18 Cal.Rptr. 268]; see also *People* v. *Ramirez,* 27 Cal.App.3d 660, 664-665 [104 Cal.Rptr. 102]; *Patterson* v. *Municipal Court,* 17 Cal.App.3d 84, 88-90 [94 Cal.Rptr. 449].)

█ Second, section 524, like section 520, dealing with extortion,[1] and section 523 dealing with sending threatening letters with intent to extort,[2] has since 1872 referred only to extorting "money or other property." However, in 1939 the Legislature broadened the definition of extortion in section 518 to include "the obtaining of an official act of a public officer . . . ." A brief reference to the legislative history shows that the Legislature intended this broadened definition of extortion to apply to sections 520, 523, and 524.

In *People* v. *Robinson,* 130 Cal.App. 664 [20 P.2d 369], decided in 1933, the defendant threatened to disgrace a judge unless the judge would appoint the defendant as receiver in a pending action. The defendant was found guilty of violating section 524, but on appeal the court held that a receivership was not "property" within the meaning of that section as it then read. The *Robinson* decision was criticized in a note in 22 Cal.L.Rev. 225, which suggested that section 518 be amended. In 1939, in order to correct *Robinson,* the Legislature amended section 518 by adding to the definition of extortion the obtaining of an official act of a public officer. (See Note, 13 So.Cal.L.Rev. 35.) Inasmuch as sections 520, 523, and 524 are dealing with the crime of extortion, the Legislature by

---

[1]Section 520 provides: "Every person who extorts any money or other property from another, under circumstances not amounting to robbery, by means of force, or any threat, such as is mentioned in the preceding section, is punishable by imprisonment in the state prison for two, three or four years."

[2]Section 523 provides: "Every person who, with intent to extort any money or other property from another, sends or delivers to any person any letter or other writing, whether subscribed or not, expressing or implying, or adapted to imply, any threat such as is specified in section five hundred and nineteen is punishable in the same manner as if such money or property were actually obtained by means of such threat."

enlarging the definition of the crime, obviously believed it was unnecessary to change the wording of the other sections. The definition of extortion is clearly controlling and must modify sections 520, 523, and 524, otherwise the amendment would be meaningless. ▮ Where the legislative intent is clear, penal statutes must be construed reasonably to effectuate such intent. They should not be read literally where to do so would lead to absurd consequences. (*People* v. *Barksdale,* 8 Cal.3d 320, 334 [105 Cal.Rptr. 1, 503 P.2d 257]; *People* v. *Carroll,* 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400]; *People* v. *Medina,* 15 Cal.App.3d 845, 848-849 [93 Cal.Rptr. 560].) ▮ We hold that the 1939 amendment to section 518 effected an expansion of the scope of the other sections in part 1, title 13, chapter 7, to include obtaining an official act by a public officer. Another court, in dictum, has so indicated. (*People* v. *Massengale,* 10 Cal.App.3d 689, 692 [89 Cal.Rptr. 237].)

▮ Thus the existing information in count I adequately charges petitioner with violation of section 524, and petitioner suffers no prejudice from the erroneous designation of section 664.[3] The trial court properly overruled the demurrer.

The petition for writ of mandate is denied and the alternative writ is discharged. The temporary stay order is vacated.

Hastings, J., concurred.

KAUS, P. J.—I dissent. There are limits to our power to cure legislative oversights. The majority's transplant of the words "the obtaining of an official act of a public officer," into section 524 of the Penal Code and, by implication, into sections 520 and 523, goes too far. The cases cited —*People* v. *Barksdale* (1972) 8 Cal.3d 320, 334 [105 Cal.Rptr. 1, 503 P.2d 257], *People* v. *Carroll* (1970) 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400] and *People* v. *Medina* (1971) 15 Cal.App.3d 845 [93 Cal.Rptr. 560]—do not help. *Barksdale* involved an interpretation of section 25953 of the Health and Safety Code which provided, with respect to therapeutic abortions that "[i]n no event shall the termination be

---

[3]We do not reach the issue suggested by the People's supplemental points and authorities as to whether petitioner may or must be prosecuted under section 523 rather than section 524. We hold only that the information adequately sets forth a charge of violating section 524.

approved after the 20th week of pregnancy." The Supreme Court interpreted this language to mean that the abortion itself had to be performed within 20 weeks of the time of conception.[1] *Carroll* involved a contention that the enhanced punishment for great bodily injury inflicted "in the course of commission of the robbery . . ." (Pen. Code, § 213) applied only if the robbery was still in progress. The Supreme Court held that the purpose of the legislation—deterrence of robbers from inflicting great bodily injury on their victims—permitted a broader interpretation of the statute than contended for by the defendant.

In *People* v. *Medina* (1971) 15 Cal.App.3d 845 [93 Cal.Rptr. 560], where the court reversed the dismissal of an information charging a violation of section 647 of the Penal Code although the version of the section in effect at the time of the alleged violation failed to contain the introductory declaration: "Every person who commits any of the following acts shall be guilty of disorderly conduct, a misdemeanor:" The *Medina* court reasoned that other provisions of the Penal Code adequately informed the defendant that the conduct described in the various subdivisions of section 647 was criminal. Analogizing *Medina* to this case, I would concede that section 518 of the Penal Code, read similarly in context, advises one that the obtaining of an official act by a public officer through the wrongful use of force or fear is frowned upon. This does not solve our problem. In *Medina* the omitted phrase was mere legislative throatclearing which preceded several precisely defined acts. The majority's opinion in this case, however, vastly enlarges the very scope of the acts prohibited by section 524. Further, it reads the words "the obtaining of an official act of a public officer" into one of several code sections to which they might apply.[2] While it is true that the 1939 amendment to section 518 may have been suggested by *People* v. *Robinson* (1933) 130 Cal.App. 664 [20 P.2d 369], a section 524 case, neither I nor, with respect, the majority really know whether the 1939 Legislature forgot to insert the omitted words into section 520, section 523, section 524 or all three.

---

[1]The court then went on to hold that the validity of the 20-week limitation was not at issue.

[2]As far as *People* v. *Massengale* (1970) 10 Cal.App.3d 689, 692 [89 Cal.Rptr. 237] is concerned, the opinion does contain an offhand statement that "[a]ttempted extortion, under section 524, requires an intent to obtain property or an official act (see Pen. Code, § 518 defining extortion . . .)." The facts—related in *People* v. *Massengale* (1968) 261 Cal.App.2d 758, 759-762 [68 Cal.Rptr. 415]—had nothing to do with any attempt to extort an official act. The court obviously never considered the effect of the oversight of the 1939 Legislature.

Rather than completing the work of the 1939 Legislature, what we should do is to suggest to the Legislative Counsel that he submit a draft measure correcting the 1939 oversight or oversights, whichever it is, to the present Legislature. (Gov. Code, §§ 10237-10241.)

In any event, a dismissal of count 1 would not mean that defendant should go untried on the conduct revealed in the transcript of the preliminary hearing. Very briefly: In count 2 defendant was charged with a violation of section 71 of the Penal Code which, as relevant, prohibits attempts to cause a public officer to do, or refrain from doing, any act in the performance of his duties, by means of a threat to inflict an unlawful injury upon him, if it reasonably appears to the recipient that the threat could be carried out. In connection with that count defendant sought certain discovery which the People refused to furnish. The trial court then dismissed count 2.

While the propriety of that dismissal is not before us, it seems clear to me that dismissal was far too radical a sanction under the circumstances. Without going into my reasons, I would strongly urge the People to test the water by refiling.

Petitioner's application for a hearing by the Supreme Court was denied May 25, 1978.