STATE of WISCONSIN, Plaintiff-Respondent,

v.

Timothy G. GILKES, Defendant-Appellant.†

Court of Appeals

*No. 83–437–CR. Submitted on briefs October 3, 1983.—*
*Decided February 24, 1984.*
(Also reported in 345 N.W.2d 531.)

† Petition to review denied.

For the defendant-appellant the cause was submitted on the briefs of *Steven D. Phillips,* assistant state public defender.

For the plaintiff-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Chris Heikenen,* assistant attorney general.

Before Gartzke, P.J., Bablitch, J. and Dykman, J.

GARTZKE, P.J.   Defendant appeals from the judgment convicting him of threatening to communicate derogatory information, contrary to sec. 943.31, Stats., which provides: "Whoever threatens to communicate to anyone information, whether true or false, which would injure the reputation of the threatened person or another unless the threatened person transfers property to a person known not to be entitled to it is guilty of a Class E felony." The issue is whether a threat to injure a corporate personnel manager's reputation unless the manager hires the person making the threat satisfies the "transfers property" element. We hold that the element is satisfied and therefore affirm.

The facts are undisputed. In 1982 defendant wrote to a company personnel manager stating that unless the manager hired him, defendant would tell the manager's

friends and family that he and the manager had a homosexual relationship. Defendant and the manager had never met. The case was tried to the court. The trial court held that a job is property within the meaning of sec. 943.31, Stats., because a person can have a property right in a job after it has been acquired.

The issue turns on the meaning of "property" as used in sec. 943.31, Stats. That is a question of law which an appellate court determines independently of the trial court's decision. *Engineers & Scientists v. Milwaukee*, 38 Wis. 2d 550, 554, 157 N.W.2d 572, 574 (1968).

Section 939.22(40), Stats., defines "transfer" as "any transaction involving a change in possession of any property, or a change of right, title, or interest to or in any property." "Property," as a general term, is not defined in the criminal code. The definitions of "property" in secs. 943.20(2)(a), 943.205(2)(b), and 943.70(1)(h), Stats., are expressly limited to the sections in which they appear. Nor is "property" defined in ch. 990, Stats., entitled "Construction of Statutes," except as it includes real and personal property, things in action and energy. Sec. 990.-01(27) and (31), Stats. Because property is not defined in the criminal code, we look elsewhere for its meaning.

Although the statutes do not define property, the definition of personal property include intangibles such as things in action and energy. Sec. 990.01(27), Stats. The intangible nature of a job therefore does not prevent it from being property.

A job is a relationship between an employer and an employee. It cannot be sold, assigned, mortgaged, pledged, inherited or devised. It gives rise, however, to property interests which in turn make it a valuable right. The employment contract and wages, and perhaps fringe

benefits, are property. Indeed, a contract is itself property. *Lynch v. United States,* 292 U.S. 571, 579 (1934). Had defendant obtained a job through his threat, he would not only have entered into an employer-employee relationship, but would have entered an employment contract and received wages and therefore property.

New York has adopted a similar view. In *People v. Spatarella,* 356 N.Y.S.2d 566 (1974), defendant was convicted of grand larceny in the first degree by extortion. After he had successfully threatened the president of another sanitation company with bodily harm unless that company stopped servicing a certain restaurant, defendant's company served the restaurant. Defendant argued that his demand that the other company give up a customer did not require the delivery of "property." The *Spatarella* court held that the business generated from the restaurant was taken, and the business was property. *See also United States v. Santoni,* 585 F.2d 667, 672–73 (4th Cir. 1978), *cert. denied,* 440 U.S. 910 (1979) (threat to make it difficult for a company to obtain city contracts if it did not award another company a subcontract held extortion of property under the Hobbs Act: "the property extorted was the right of [the company] to make a business decision free from outside pressure wrongfully imposed . . .") ; and *Perry v. Sindermann,* 408 U.S. 593, 601–02 (1972) (if untenured teacher's expectancy of continued employment was similar to that of a tenured teacher, expectancy is a property interest protected by fourteenth amendment).

The next question is whether the property interests attending a job are "transferred" by engaging a person. To engage a person for a position is a transfer, as defined by sec. 939.22(40), Stats. A hired person is put in possession of a job and the property rights attending it. Hiring

therefore constitutes a change of possession, which the statute declares is a transfer.

Defendant relies on *Lochner v. State,* 218 Wis. 472, 261 N.W. 227 (1935), which held that obtaining "money, goods, wares, merchandise or other property" by false pretenses did not embrace obtaining credit with intent to defraud. The holding was based on a common law rule. At common law, the crime of obtaining money or property by false pretenses required that the property "actually pass from the hand of the defrauded person to that of the accused . . . ," and credit, an intangible, cannot be passed from hand to hand. *Bates v. State,* 124 Wis. 612, 616, 103 N.W. 251, 253 (1905). *See also Lochner,* 218 Wis. at 491, 261 N.W. at 235. No comparable common law rule has been cited in connection with sec. 943.31, Stats., threatening to communicate derogatory information.

Defendant also relies on *People v. Robinson,* 20 P.2d 369 (Cal. Dist. Ct. App. 1933), *criticized in* Recent Decisions, 22 Calif. L. Rev. 219, 225–27 (1933–34). The *Robinson* court held that threatening to disgrace a judge unless the judge appointed the defendant to a receivership did not satisfy the "obtaining of property from another" element of extortion, because a public office cannot be owned.[1] We do not agree with California's view.

*By the Court.*—Judgment affirmed.

---

[1] California's definition of extortion was later amended to include the obtaining of an official act by a public officer. *See Isaac v. Superior Court,* 146 Cal. Rptr. 396, 398–99 (1978).